JOURNAL ENTRY AND OPINION
The appellant, Fortney Weygandt, Inc., appeals the decision of the trial court in denying its motion to stay the complaint and refer the claims to arbitration, pursuant to R.C. 2711.02. For the reasons set forth below, we affirm the decision of the trial court.
Fortney Weygandt, Inc. is a commercial construction contractor in North Olmsted, Ohio, that serves as a general contractor in public and private commercial construction projects throughout the United States. The appellee, Christine Strasser, began her employment with Fortney Weygandt in 1999. Strasser eventually attained the role of project manager for Fortney Weygandt's role out division.
On or about September 29, 2000, Strasser was terminated from her position with Fortney Weygandt. At that time, she was one of only two female project managers in the company. She contends that she received disparate treatment from her employer after she began questioning why she was not treated the same as her male counterparts, thereby rendering her a victim of sexual discrimination.
Strasser filed a complaint alleging employment discrimination based upon sexual discrimination and failure by the appellant to provide her with pay equal to that of the male project managers. The appellant then filed a motion to stay or, in the alternative, motion for summary judgment, claiming that Strasser's cause of action is subject to the company grievance and arbitration procedure:
E. Grievance/ Arbitration
 1. Grievances over benefits, hours or other terms and conditions of employment should be taken up with your immediate supervisor. If your grievance is not satisfactorily resolved, please discuss with Chris Gray.
 2. Any dispute, claims or controversy which may arise with regard to an employee's employment by the Company, including any claim alleging discrimination based on age, sex, color, race, creed, national origin, religious persuasion, union affiliation, or disability, or in violation of Ohio law, shall be subject to and fully settled by mandatory and binding arbitration administered by the American Arbitration Association in accordance with the AAA National Rules for the Resolution of Employment Disputes. The Arbitrator shall have authority to award any remedy that an Ohio or federal court or Ohio or federal agency could award or grant in a similar dispute. In any such arbitration proceeding, the employee shall have the right to be represented by a spokesman of his/her choosing. The arbitrator shall have the authority to award the employee reimbursement of some or all of the attorneys fees and other costs expended, if successful.
On April 17, 2001, the trial court denied the appellant's motion for stay. It is from this order that appellant now appeals asserting the following assignment of error:
 THE TRIAL COURT ERRED BY DENYING DEFENDANT FORTNEY 
WEYGANDT, INC.'S MOTION TO STAY OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT IN THAT PLAINTIFF'S CLAIMS ARE SUBJECT TO A MANDATORY AND BINDING ARBITRATION PROCEDURE AGREED ON BY PLAINTIFF DURING HER EMPLOYMENT WITH DEFENDANT.
The appellant maintains that Strasser's claims in the complaint are subject to the mandatory and binding arbitration proceeding agreed to by her upon receipt of the company handbook. Therefore, the appellant argues, the trial court erred when it failed to stay her claims.
Under R.C. 2711.02, when a court is presented with a motion to stay court proceedings and submit a claim to arbitration, the court must make a determination that the matters involved in the complaint are subject to the arbitration agreement in question. McGuffey v. Lenscrafters, Inc. (2001), 141 Ohio App.3d 44; see also Cross v. Carnes (1998),132 Ohio App.3d 157. The standard of review that this court must apply to the trial court's determination is whether or not the actions constituted an abuse of discretion. Sikes v. Ganley Pontiac Honda (Sept. 13, 2001), Cuyahoga App. No. 79015, unreported, 2001 Ohio App. LEXIS 4065. According to R.C. 2711.02, the trial court must review materials outside of the pleadings to determine if the claims are subject to arbitration. Therefore, the actions of the trial court do not raise the level of this court's review to that of a motion for summary judgment.
We note at the outset that the law in Ohio is well settled that in the absence of facts showing the presence of an employment agreement for a specified term, the employment relationship is terminable at will by either party. See Mers v. Dispatch Printing Co. (1985), 19 Ohio St.3d 100, paragraph one of the syllabus; Henkel v. Educational Research Council of America (1976), 45 Ohio St.2d 249, syllabus. However, the Ohio Supreme Court has created two exceptions to the employment-at-will doctrine: (1) the existence of promissory estoppel where certain representations or promises have been made to an employee; and (2) the existence of implied or express contractual provisions which have the effect of altering the terms and conditions of employment or discharge. Root v. PCC Airfoils, Inc. (Oct. 1, 1998) Cuyahoga App. Nos. 73149, 73150, 73151, 73402, 73403, 73404, unreported, 1998 Ohio App. LEXIS 4652, at 16-17, citing Mers at 104-105.
In this case, the issue centers around the terms of an arbitration agreement and disclaimer found within an employee handbook. Although employee handbooks, policy manuals, and the like are not contracts of employment, they may define the terms and conditions of an employment relationship if the employer and employee manifest an intention to be bound by them. Winter-Jones v. Fifth Third Bank (May 27, 1999), Cuyahoga App. No. 75582, unreported, 1999 Ohio App. LEXIS 2410, at 2, citing Finsterwald-Maiden v. AAA S. Central Ohio (1996), 115 Ohio App.3d 442. This court has found in Root:
 Generally, employee handbooks and statements of policy will not affect the employment-at-will rule. Under the implied contract exception, `a handbook may be found to alter the terms of employment at will only if the employee and employer have agreed to create a contract from the writing.' Latimore-Debose v. BVM, Inc., 1996 Ohio App. LEXIS 1425, *7 (April 4, 1996), Cuyahoga App. No. 69439, unreported. In the absence of mutual assent, a handbook is merely a unilateral statement of rules and policies which creates no rights and obligations * * *. Id.; see also Manofsky v. Goodyear Tire Rubber Co. (1990), 69 Ohio App.3d 663, 671, 591 N.E.2d 752. Most importantly for the case at hand, where a handbook contains a disclaimer, absent fraud in the inducement, the disclaimer precludes the use of the handbook to demonstrate an implied contract. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 110. * * * Absent fraud in the inducement, a disclaimer in an employee handbook stating that employment is at will precludes an employment contract other than at will based upon the terms of the employment handbook. See Tohline v. Central Trust Co. (1998), 48 Ohio App.3d 280. Id. at 19.
In this case, the appellant's handbook contained the following disclaimer:
 The policies, practices, and benefits expressed in this handbook are those currently in effect as of the date of your hire. The policies described in this handbook are not conditions of employment, nor does this handbook create a contract of employment between the Company and you. Because the continued success of ours, or any company requires the ability to change and adapt to the times, these policies, practices, and benefits may be suspended, modified, or canceled, without advanced notice. No modification or cancellation of any of the provisions in this handbook will occur unless in writing and signed by an officer of the Company. Should the Company determine that changes are required, we will make every effort to contact you as soon as practical, in writing, with details on the new policy. It is hoped that any modifications, which do occur will work for the betterment of both you and the company.
 Although it is our hope that every employee will find a home here, we know that it is not always possible. You should understand that employment at the company is not offered, contracted, or promised for any specific length of time. If at any time you are not fully satisfied, you may terminate your employment. Just as you will be free to terminate your employment at any time for any reason, the Company reserves the right, on the same basis, to terminate employment.
Therefore, the employer's use of a disclaimer contained in its employee handbook precludes the use of the handbook as an implied contract. The disclaimer specifically states that the policies in the handbook do not create a contract of employment and that employment at the company remains an "at-will" status.
In addition, the very nature of the disclaimer itself leads to the conclusion that the employer did not manifest an intention to be bound by the handbook provisions. The provisions of an employee handbook may alter the terms of an at-will employment relationship if the employer and employee manifest an intention to be bound by the handbook provisions. Keaton v. Pike Community Hospital (Jan. 27, 1997), Pike App. No. 96CA579, unreported, 1997 Ohio App. LEXIS 346, at 8, citing Sowards v. Norbar, Inc. (1992), 78 Ohio App.3d 545, 549. In Keaton, the appellant appealed her termination based upon her employer's breach of contract and sexual discrimination. The court determined that merely signing an acknowledgment that the appellant had received the new handbook did not make the handbook binding on either party. In addition, the trial court found that because the language of the handbook left the hospital the ability to change the policies set forth in the book, this failed to show mutual assent under the terms of the handbook. Id. at 11-12.
In another case similar to the one at bar, Trumbull v. Century Marketing Corp., 12 F. Supp.2d 683 (1998), the court determined that an employee handbook containing an arbitration clause did not constitute a binding contract. In that case, the employer distributed an employee handbook with the following disclaimer:
 The company may modify, augment, delete, or revoke any and all policies, procedures, practices, and statements contained in this handbook at any time, without notice.
The court determined that to give effect to this language and hold that a valid contract exists would be to create a contract where only one party is bound. The plaintiff would be bound by all the terms of the handbook while defendant could simply revoke any term (including the arbitration clause) whenever it desired. Without mutuality of obligation, a contract cannot be enforced. Id. at 686, citing Thomas G. Snavely Co. v. Brown Construction Co., (C.P. 1969), 16 Ohio Misc. 50, 239 N.E.2d 759. The court included in its reasoning that the placement of the arbitration clause and its provisions filled less than two pages of a sixty-page handbook, and the clause was not set apart from the rest of the text in any fashion that would allow someone to conclude that they were giving away any legal rights. Id. at 12-13.
In a similar fashion, this court dealt with the issue of an employee handbook, distributed to employees, discussing a range of topics including a new program of dispute resolution within the company. In Harmon v. Philip Morris Inc. (1997), 120 Ohio App.3d 187, the trial court granted the motion of Philip Morris to compel the arbitration of an employee's claims of wrongful discharge, breach of contract, defamation and racial discrimination. Philip Morris argued that since the employee signed the acknowledgment stating that he had received and understood the foregoing documents, he must therefore be held to the terms of the handbook and is compelled to take his grievances to arbitration.
This court determined that the handbook was offered with no consideration for modification. Philip Morris demanded that the employee sign the acknowledgment, and failure to do so would result in the employee's termination. As for the signed acknowledgment, this court stated that we conclude that the signed acknowledgment by Harmon does not constitute acceptance of an offer to modify the terms of his employment. He merely acknowledged his receipt and understanding of the items presented to him. He never expressed assent to those terms. Id. at 7. This court therefore reversed the decision of the trial court in ordering the use of arbitration for the appellant's claims.
In the case at bar, the appellant distributed a forty-seven-page employee handbook which included, on page 16, the grievance/ arbitration procedures. The arbitration procedure takes up less than half a page of the forty-seven-page handbook. This section is not bold faced; it is not distinctively marked, except for E. Grievance/Arbitration, which is the same font size as the rest of the handbook. In addition, the disclaimer presented in the handbook left the employer with total discretion to alter or modify the arbitration process, with notice as soon as practical to the employees. An employee cannot be held to accept the guidelines of a handbook that an employer is not bound to keep.
The trial court did not abuse its discretion in denying the appellant's motion to stay the proceedings pending arbitration of the employee's claims.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR.