JOURNAL ENTRY and OPINION
Best Buy Company, Best Buy Stores, and Bank One appeal from a judgment of the common pleas court denying their joint motion to stay court proceedings pending arbitration of issues raised in an underlying class action arising from the issuance of Best Buy credit cards by Bank One.
On appeal, they argue that the court erroneously denied their motion to stay under the terms of an arbitration clause contained in a change in terms agreement sent to Best Buy cardholders by a third party, GE Capital Consumer Card Company, after GE Capital acquired the Best Buy credit card portfolio. Best Buy and Bank One urge that they are third-party beneficiaries of this agreement and that the cardholders accepted the terms of this agreement by using their credit cards or by not terminating their accounts.
Shawn Maestle and Bonnie Simmons, as representatives of the purported class, claim that they are not bound by the arbitration clause because GE Capital unilaterally added it, without a bargained-for exchange, consideration, or a meeting of the minds; they further argue that neither Best Buy nor Bank One can enforce the arbitration clause because they are not parties to the change-in-terms agreement, and they challenge the validity of the arbitration clause because it bars class-action proceedings and requires fees that outweigh the value of an individual claim.
After carefully reviewing the record on this appeal, we have concluded that R.C. 2711.03 requires the court to conduct a hearing to determine whether there is a legitimate challenge to the validity of an arbitration clause, and the trial court here erred in denying the motion to stay without first conducting such a hearing. Accordingly, we are constrained to reverse the judgment of the trial court and remand the matter to the common pleas court to conduct that hearing.
The history of the case reveals that, in July 1995, Shawn Maestle applied for and received a Best Buy credit card through Bank One; in February 1997, Bonnie Simmons similarly applied for and received her Best Buy credit card. Both applications provided in part that, I agree to abide by the terms of the account Agreement and Disclosure Statement which shall be issued by Bank One from time to time. These original credit card applications and revolving credit plan agreements did not contain an arbitration clause.
On December 24, 1998, Bank One contributed its private label credit card operation, including the Best Buy credit card portfolio, to a joint venture managed by GE Capital Consumer Card Company.
In July 1999, GE Capital mailed to all Best Buy credit card holders an Important Notice of Change In Terms To Best Buy Cardholder Agreement. That change-of-terms document contained the following clause:
 III. Option to Reject Changes You have the option not to accept the changes in the terms of your Agreement that are described in Parts I.B through I.P above.
 If you choose to exercise this option, you must notify us * * * on or before August 31, 1999 that you do not agree to these changes and you must destroy your Best Buy credit card(s). * * * Any use of your Best Buy credit card or Account on or after the applicable effective date set forth in Part II above will constitute your acceptance of the new terms regardless of any notice to the contrary that you may have sent to us.
The change-in-terms agreement also contained the following arbitration clause:
 27. ARBITRATION: This Arbitration Provision sets forth the circumstances and procedures under which Claims (as defined below) may be arbitrated instead of litigated in court.
* * *
 This Arbitration Provision will not apply to Claims previously asserted, or that are later asserted, in lawsuits filed before the effective date of the Arbitration Provision.
 However, this Arbitration Provision will apply to all other Claims, even if the facts and circumstances giving rise to the Claims existed before the effective date of this Arbitration Provision.
 Any Claim shall be resolved upon the election of you or us by arbitration pursuant to this Arbitration Provision and the Code of Procedure (Code) of the National Arbitration Forum (NAF) in effect at the time the Claim is filed. (If for any reason the NAF is unable or unwilling or ceases to serve as arbitration administrator, another nationally recognized arbitration organization utilizing a similar code of procedure will be substituted by us.) With respect to Claims covered by this Arbitration Provision, a party who has asserted a Claim in a lawsuit in court may elect arbitration with respect to any Claim(s) subsequently asserted in that lawsuit by any other party or parties.
 IF ARBITRATION IS CHOSEN BY ANY PARTY WITH RESPECT TO A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR HAVE A JURY TRIAL ON THAT CLAIM, OR TO ENGAGE IN PRE-ARBITRATION DISCOVERY EXCEPT AS PROVIDED FOR IN THE NAF CODE. FURTHER, YOU WILL NOT HAVE THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION. EXCEPT AS SET FORTH BELOW, THE ARBITRATOR'S DECISION WILL BE FINAL AND BINDING. NOTE THAT OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT MAY ALSO NOT BE AVAILABLE IN ARBITRATION.
* * *
 There shall be no authority for any Claims to be arbitrated on a class action basis.
 Furthermore, Claims brought by or against one Cardholder (or joint Cardholders) may not be joined or consolidated in the arbitration with Claims brought by or against any other Cardholders. * * *
Maestle and Simmons allege that Best Buy and Bank One fraudulently calculated interest and overcharged on their transactions and those of other consumers, and, therefore, on September 13, 2000, Maestle filed a class action complaint against Best Buy Company and Bank One, asserting claims of breach of contract, fraud, and breach of the Ohio Consumers Sales Practice Act; he further requested a declaratory judgment that Best Buy and Bank One had illegally calculated interest and overcharged their cardholders. On October 12, 2000, Maestle filed a first amended complaint adding Simmons as another class representative, and they later filed a second amended complaint adding Best Buy Stores as an additional defendant.
On February 28, 2001, Best Buy and Bank One filed a joint motion to stay the proceedings pending arbitration. Maestle and Simmons filed a brief in opposition, directly challenging the enforceability of the arbitration clause.
On May 18, 2001, the court, without conducting a hearing, denied the motion to stay. Best Buy and Bank One now appeal, raising the following assignment of error for our review:
 THE TRIAL COURT ERRED BY DENYING APPELLANTS' JOINT MOTION FOR STAY PENDING ARBITRATION AND TO DISMISS.
Best Buy and Bank One argue that the trial court erred in denying their motion to stay proceedings pending arbitration, claiming that R.C. 2711.02
required the court to stay this litigation pending arbitration pursuant to the arbitration clause contained in the change-in-terms agreement sent to the Best Buy cardholders by GE Capital. Best Buy and Bank One urge that they are third-party beneficiaries of this subsequent agreement and that the cardholders accepted the terms of this agreement by not exercising their option to terminate their accounts or by using their credit cards.
Maestle and Simmons rely on our decision in Harmon v. Philip Morris Inc. (1997), 120 Ohio App.3d 187, 697 N.E.2d 270, where we held that an employee's acknowledgment of receipt of an employee handbook and brochure which contained an arbitration clause did not constitute an agreement to the terms of the arbitration clause. Here, Maestle and Simmons maintain that they likewise did not agree to an arbitration clause; they further assert neither Best Buy nor Bank One is a party to such an agreement, and they therefore claim that, as written, the arbitration clause is invalid because it bars class action proceedings and requires fees that outweigh the value of an individual claim.
At the outset, we consider whether the court complied with the procedural requirements of R.C. 2711.03, which states in relevant part:
 (A) The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. * * * The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement. (Emphasis added.)
 (B) If the making of the arbitration agreement or the failure to perform it is in issue in a petition filed under division (A) of this section, the court shall proceed summarily to the trial of that issue. If no jury trial is demanded as provided in this division, the court shall hear and determine that issue. * * *
The procedural history of this case is similar to that in Dunn v. L M Building, Inc. (March 25, 1999), Cuyahoga App. No. 75203, where we stated:
 When the validity of an arbitration provision itself is at issue, a trial court must follow the procedures provided for in R.C. 2711.03:
* * *
 In the instant case, the trial court failed to hold a hearing to determine if there was a legitimate challenge to the validity of the arbitration clause. Therefore, we remand this case to the trial court for the purpose of holding a hearing pursuant to R.C. 2711.03. * * *
See, also, Poling v. American Suzuki Motor Corp. (Sept. 13, 2001), Cuyahoga App. No. 78577, where we stated:
We are persuaded by the analysis in Dunn.
 We agree that R.C. 2711.03 requires a court to conduct a hearing to determine if there is a legitimate challenge to the validity of the arbitration clause; and if it so finds, the court is required to proceed to a summary trial on the sole issue of the validity of the arbitration provisions; further, a court cannot deny a R.C. 2711.02 motion to stay without following these procedures. (Emphasis added.)
We note that R.C. 2711.02 and R.C. 2711.03 are not mutually exclusive, as suggested by counsel at oral argument. Rather, these statutes must be construed pari materia and, as stated above, a court cannot deny a R.C.2711.02 motion to stay without following the procedures set forth in R.C. 2711.03. See Poling, supra.
Here, arguing that they did not agree to an arbitration clause in their contract with Best Buy and Bank One, Maestle and Simmons have challenged the validity of the arbitration clause. Although they agreed to abide by the terms of the Account Agreement and Disclosure Statement as issued from time to time by Bank One, they maintain that Bank One has never imposed an arbitration provision upon them and that they never agreed to be bound by terms of the agreement as imposed from time to time by GE Capital.
Best Buy and Bank One, on the other hand, urge that before the arbitration terms were imposed by GE Capital, it gave notice to all cardholders, offered them an opportunity to reject the changes to the agreement, and further specified that use of the card after the effective date of the change in terms would constitute acceptance of the new terms, including the arbitration clause.
In the instant case, the trial court denied the motion to stay pending arbitration without conducting a hearing as provided for in R.C. 2711.03 and explained in Dunn and Poling, supra.
Based on the foregoing, the judgment of the trial court denying the motion to stay pending arbitration is reversed and the matter is remanded for further proceedings. Upon remand, after conducting a hearing, the trial court will be required to make the appropriate order in conformity with R.C. 2711.03, either staying the proceedings and compelling arbitration, or proceeding summarily to trial on the issue of the validity of the arbitration clause.
Judgment reversed and case remanded for further proceedings in conformity with R.C. 2711.03 and this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., CONCURS, PATRICIA A. BLACKMON, P.J., CONCURS IN JUDGMENT ONLY.