JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Lawyers Title Insurance Corporation appeals from a decision of the Common Pleas Court that denied its motion to compel arbitration. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} The record presented to us on appeal reveals the following: On January 25, 2002, plaintiffs-appellees Miles and Patricia Henderson ("plaintiffs") filed a class action complaint against Lawyers Title Insurance Corporation ("Lawyers Title"). In their complaint, plaintiffs claim that they purchased two policies of title insurance from Lawyers Title in connection with the sale of property located in Shaker Heights (the "Sale Transaction") and the purchase of property located in South Russell (the" Purchase Transaction"). Plaintiffs alleged that they are qualified for and entitled to receive a 40 percent reissue credit against the premiums they paid for the title insurance. Plaintiffs alleged that Lawyers Title failed to inform them that they were qualified for the credits and failed to give them the reissue credits.
 {¶ 3} On August 16, 2002, Lawyers Title moved the trial court for an order compelling arbitration based upon the policies of title insurance issued to plaintiffs from Lawyers Title.[1]
Plaintiffs opposed the motion to compel arbitration on the grounds that they did not receive a copy of the title insurance policy containing the arbitration clause before the Purchase Transaction closed and never received a copy of the title insurance policy with respect to the Sale Transaction.
 {¶ 4} On February 24, 2003, the trial court denied Lawyers Title's motion to compel arbitration on the following grounds:
 {¶ 5} "1. The issuance of the title insurance policy does not occur until after closing, sometimes 60-120 days thereafter. The buyer of the policy does not have the opportunity to review the policy prior to closing and therefore does not know the terms of the policy. For this reason, the Court finds that the policy cannot be binding; consequently, the arbitration clause cannot be binding.
 {¶ 6} "2. The Court further finds that because there is not an opportunity to review the policy prior to its issuance, there was no meeting of the minds. Without a meeting of the minds, Plaintiffs have overcome the presumption of arbitration and the Court will retain jurisdiction over this matter.
 {¶ 7} "3. The Court further finds that Plaintiffs herein do have standing to bring their Complaint on their status as both seller and purchaser even though the seller of the property derives no benefit from the title insurance. The Court makes this determination based on the fact that both the buyer and seller each paid half of the premium for the purchase of title insurance.
 {¶ 8} "4. The Court further finds that this Court has jurisdiction over this matter under Rule 23(f) of the Ohio Rules of Civil Procedure, which provides that `[t]he claims of the class shall be aggregated in determining the jurisdiction of the court.'"
 {¶ 9} It is from this order that Lawyers Title timely appeals and raises a single assignment of error, which states:
 {¶ 10} "I. The trial court erred by denying defendant-appellant Lawyers Title Insurance Company's motion to compel arbitration pursuant to the usual and customary arbitration provision in the subject insurance policies."
 {¶ 11} In its sole assignment of error, Lawyers Title alleges that the trial court erred in denying its motion to compel arbitration. We disagree.
 {¶ 12} Ohio and federal courts encourage arbitration to settle disputes. ABM Farms, Inc. v. Woods (1997),81 Ohio St.3d 498, 501; Kelm v. Kelm (1993), 68 Ohio St.3d 26, 27; SouthlandCorp. v. Keating (1984), 465 U.S. 1, 10; R.C. 2711.01. However, an arbitration agreement will not be enforced if the parties did not agree to the clause. Harmon v. Philip Morris Inc. (1997),120 Ohio App.3d 187, 189, quoting ATT Technologies, Inc. v.Communications Workers of America, 475 U.S. 643 (1986) ("`a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit'"); see, also, Ervin v.American Funding Corp. (1993), 89 Ohio App.3d 519.
 {¶ 13} Here, with respect to the Purchase Transaction, plaintiffs did not receive a copy of the title insurance policy until many weeks after they had paid their share of the premium and the transaction had closed. Indeed, Lawyers Title concedes that as a general business practice it does not provide title insurance policies to homebuyers until after the transaction closes and the premium is paid — sometimes as long as 120 days. (Tr. 38). Clearly, plaintiffs never expressed assent to the terms contained in the title policy. Without a meeting of the minds, the parties had not formed a valid contract. See Robinson v.Cent. Res. Life Ins. Co., Cuyahoga App. No. 82981, 2003-Ohio-6647 (parties not bound by an arbitration provision in a health insurance policy where the premium payments were made prior to receiving a complete copy of the policy's terms and conditions.)
 {¶ 14} Furthermore, we reject the notion that plaintiffs' actual possession of the title insurance policy for over three years amounts to an acceptance of its terms, including the arbitration clause. Plaintiffs had no reason to object to the terms or existence of the title insurance policy. Lawyers Title never required or obtained plaintiffs' assent to the terms of the title insurance policy. As such, the mere fact that the plaintiffs actually possessed a copy of the title insurance policy fails to provide sufficient evidence of an agreement to be bound to arbitrate any disputes. See Hardwick v.Sherwin-Williams Co., Cuyahoga App. No. 81575, 2003-Ohio-657.
 {¶ 15} With respect to the Sale Transaction, plaintiffs never received a copy of the title insurance policy containing the arbitration clause. Indeed, Lawyers Title admits that it does not issue its title insurance policies to the sellers of property. (Tr. 47). Clearly, there was no agreement by the plaintiffs to be bound by an arbitration clause in a title insurance policy they never received. The total absence of even the contract is indicative of the lack of mutual assent.
 {¶ 16} Based upon the rationale stated above, we refuse to force arbitration on plaintiffs due to the absence of any evidence of mutual assent.
 {¶ 17} The judgment is affirmed.
Judgment affirmed.
Frank D. Celebrezze, Jr., P.J., concurs.
Colleen Conway Cooney, J., concurs in Judgment only.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
[1] Section 14 of the Title Policy provides arbitration as the means to settle "any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation."