ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel.
 {¶ 2} Plaintiff-appellant Lasunda Bell ("appellant") appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 {¶ 3} According to the case, appellant filed suit based on allegations of hostile work environment, sexual harassment and civil battery against multiple parties, including Hollywood.
 {¶ 4} Defendant-appellee Hollywood Entertainment Corporation ("Hollywood") filed a motion to compel arbitration and stay proceedings. Appellant filed her opposition to the motion to compel arbitration. The trial court granted Hollywood's motion on September 27, 2005, after which appellant filed this instant appeal.
 {¶ 5} According to the facts, Hollywood is a video chain providing rental services and concessions to customers nationwide. Hollywood implemented a mandatory, across-the-board arbitration program. Beginning July 1, 2003, Hollywood required all new employees to consent to arbitration as a condition of employment. Applicants who declined to consent were ineligible and not considered for employment by Hollywood.
 {¶ 6} Appellant was hired on November 30, 2003. She applied to work at Hollywood using the company's electronic application process; applicants can apply at an electronic kiosk or online through the company's website.
 I. {¶ 7} Appellant's first assignment of error states the following: "The trial court erred to the prejudice of pltf-appellant Lasunda Bell in its journal entry of 9/27/05 granting deft-appellee's motion to compel arbitration and stay proceedings."
 II. {¶ 8} We review a trial court's denying or granting a motion to stay proceedings pending binding arbitration under an abuse of discretion standard. Simon v. Commonwealth Land Title Ins. Co.,
Cuyahoga App. No. 84553, 2005-Ohio-1007. A trial court abuses its discretion when its decision is unreasonable, arbitrary or unconscionable. See Blakemore v. Blakemore (1983),5 Ohio St.3d 217. Ohio public policy favors arbitration as a form of alternative dispute resolution. See, e.g., Brennan v. Brennan
(1955), 164 Ohio St. 29. However, a party cannot be compelled to arbitrate a dispute unless arbitration was agreed upon.
 {¶ 9} R.C. 2711.02 and 2711.03 govern arbitration agreements in Ohio. R.C. 2711.02 is entitled "court may stay trial," and section (B) reads as follows:
"If any action is brought upon any issue referable toarbitration under an agreement in writing for arbitration, thecourt in which the action is pending, upon being satisfied thatthe issue involved in the action is referable to arbitrationunder an agreement in writing for arbitration, shall onapplication of one of the parties stay the trial of the actionuntil the arbitration of the issue has been had in accordancewith the agreement, provided the applicant for the stay is not indefault in proceeding with arbitration."
 {¶ 10} Both federal and Ohio courts favor the settlement of disputes through arbitration. See ABM Farms, Inc. v. Woods,81 Ohio St.3d 498, 1998-Ohio-612; Kelm v. Kelm, 68 Ohio St.3d 26,1993-Ohio-56. In Circuit City Stores v. Adams (2001),532 U.S. 105, the Supreme Court held the Federal Arbitration Act applies to arbitration agreements similar in composition to the appellee's agreement in this case.
 {¶ 11} Here, appellant argues the arbitration agreement is invalid because it is not mutually binding. Specifically, appellant argues that the arbitration agreement does not require Hollywood to arbitrate its claims against the employees and allows Hollywood to terminate the agreement on December 31 of any given year.
 {¶ 12} In support of her claim, appellant cites to and relies upon Harmon v. Philip Morris (1997), 120 Ohio App.3d 187. InHarmon, this court held that the arbitration agreement at issue was not valid because only the employee, and not the employer, was required to submit claims to arbitration. Moreover, the employer reserved the right to terminate the program at any time. See, also, Trumbull v. Century Marketing (1998),12 F.Supp.2d 683 (arbitration agreement not enforced where the company could revoke the terms of the employee handbook including the arbitration clause at any time) and Strasser v. Fortney Weygandt (Dec. 20, 2001), Cuyahoga App. No. 79621 (arbitration clause not enforced because the employer had total discretion to alter terms of arbitration process with notice "as soon as practical to the employees.")
 {¶ 13} Appellant's reliance on Harmon is misplaced. Here, unlike the employer in Harmon, Hollywood is required to submit all claims to arbitration. See Employment Issue Resolution Program ("EIRP") summary, Rules 1, 2, 3 and 17. In addition, unlike the agreements found in Harmon, Trumbull and Strasser,
Hollywood only had a limited ability to modify the agreement. Specifically, Hollywood could alter or terminate the arbitration provision on December 31 of any year, as long as it gives a 30-day notice to its employees of its intention to do so. There is case law supporting this type of provision. Specifically,Morrison v. Circuit City (1999), 70 F.Supp.2d 815, held that a provision that mirrored this language was appropriate, did not destroy mutuality of obligation, and was binding upon the employee. Accordingly, we find that the arbitration clause is not invalid on these grounds.
 {¶ 14} Moreover, we cannot discern any other grounds to find the arbitration agreement invalid. Indeed, the record clearly demonstrates appellant had the legal capacity to enter into the contractual agreement. Appellant was presented with the arbitration information and had sufficient time to read and understand the information prior to her employment.
 {¶ 15} Appellant's action of signing the voluntary agreement with Hollywood acknowledges that she read and understood the terms of the agreement. The parties to an agreement should be able to rely on the fact that affixing a signature which acknowledges one has read, understood, and agreed to be bound by the terms of an agreement means what it purports to mean. The parties to a contract must be able to rely on the statements enclosed in the documents asserting the other party understood the terms and conditions of the agreement. Butcher v. BallyTotal Fitness Corp., Cuyahoga App. No. 81593, 2003-Ohio-1734.
 {¶ 16} Appellant was informed of the arbitration requirement at the start of the application process.[1] Among the first questions posed to electronic applicants completing the online or electronic application are a series of questions regarding arbitration.[2] After initial disclosures and consents required by the Electronic Signature in Global and National Commerce Act, 15 U.S.C. § 7001, and the Fair Credit Reporting Act, 15 U.S.C. § 1581,[3] appellant was presented with the following screen:
"Hollywood Entertainment Corporation has established anEmployment Issue Resolution Program ("EIRP") for llemployment-related legal claims. The EIRP provides for the fair,private, quick, final, and binding resolution of allemployment-related legal claims before a neutral arbitrator,rather than in the courts. All employment-related legal claimsarising under federal, state or local statutory law or common lawshall be subject to arbitration under the EIRP.
 "By way of example only, this includes all claims ofdiscrimination, harassment or retaliation whether brought underfederal, state or local law, as well as common law claims such aswrongful termination, breach of contract, or tort claims. Youmust agree to pursue any and all employment-related legal claimsvia arbitration through the EIRP in order to have yourapplication for employment considered by Hollywood EntertainmentCorporation.
 "To review a summary of the EIRP or a copy of the EIRP Rulesfor Arbitration, please go toHollywood-video.com/company/jobs.asp.
 "If you would like to leave the application to review asummary of the EIRP, you may return at a later date to restartyour application. You will be required to start a new applicationunless you have already entered your contact information andreturn to the application within 24 hours.
 "By selecting option 1 below, I confirm that I know how toaccess the Hollywoodvideo.com/company/jobs.asp website.
 ____ I know how to access the website.
 ____ I do not know how to access the web site."
 {¶ 17} Appellant selected the "I know how to access the website" option.[4] The website contained the entire EIRP, including a summary of the program and its complete rules. Appellant responded in the affirmative, and the next screen she reviewed provided the following:
"In return for having your employment application considereddo you agree to arbitrate any and all employment related disputesyou may have with Hollywood Entertainment Corporation?
 ____ Yes
 ____ No."
 {¶ 18} Appellant checked the "yes" line again, thereby confirming that she agreed to arbitrate any and all employment-related disputes she may have with Hollywood.
 {¶ 19} In addition, appellant confirmed she knew how to access the Hollywood website to obtain the complete arbitration policy.[5] Appellant argues that she was young, inexperienced, and unfamiliar with arbitration. However, youth and inexperience do not invalidate a contract. "Because the candidate for employment is free to look elsewhere for employment, and he/she is not obligated to consent to the arbitration agreement, the agreement to arbitrate is not unconscionable." EEOC v. Frank's Nursery Crafts (E.D. Mich. 1997), 966 F.Supp. 500.
 {¶ 20} Our court addressed a similar issue in Butcher v.Bally Total Fitness Corp., Cuyahoga App. No. 81593, 2003-Ohio-1734, when we stated the following:
"This court acknowledges that the appellant is young,inexperienced and was subjected to inappropriate and provocativedisplays and gestures in the workplace. However, she was free tofind other employment rather than agree to be bound by the termsof the EDRP to address any employment-related disputes. Whethershe read the paperwork or disregarded the paperwork, she signedthe papers stating she agreed to the terms of the EDRP in orderto be hired. The appellant cannot now claim that failing to readthe terms of a contract when given the express opportunity to doso amounts to an unconscionable contract."
 {¶ 21} This court acknowledges appellant may have been young and inexperienced at the time she began her employment with Hollywood. However, she was free to find other employment rather than agree to be bound by the terms of the EIRP to address any employment-related disputes. Whether she read the paperwork or disregarded the paperwork, she signed the papers stating that she agreed to the terms of the EIRP in order to be hired.
 {¶ 22} Appellant had the legal capacity to contract, signed the agreement and was sufficiently informed regarding the program. She was informed of how to obtain additional information, confirmed that she understood how to obtain additional information, and knowingly and voluntarily consented to arbitrate her employment-related claims against appellee.
 {¶ 23} We find nothing unreasonable, arbitrary or unconscionable concerning the trial court's order to stay the proceedings and compel arbitration in this case.
 {¶ 24} Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, A.J., and James J. Sweeney, J., concur.
[1] See motion to compel arbitration, Allison aff. ¶ 6, Ex. 2.
[2] See motion to compel arbitration, Allison aff. ¶ 4, Ex. 2.
[3] Federal and Ohio law both authorize the use of electronic signatures and deem such signatures binding. See R.C. 1306.01 ("A signature may not be denied legal effect or enforceability solely because it is in electronic form * * * [a] contract may not be denied legal effect or enforceability because an electronic record was used in its formation."); see, also, 15 U.S.C. § 7001;Campbell v. General Dynamics, 407 F.3d 546, 556 (C.A. 1, 2005).
[4] See motion to compel arbitration, Allison aff. ¶ 8, Ex. 2, p. 4.
[5] See motion to compel arbitration, Allison aff. ¶ 8, Ex. 2, p. 4.