*RECOMMENDED FOR FULL-TEXT PUBLICATION*
*Pursuant to Sixth Circuit Rule 206*

ELECTRONIC CITATION: 2002 FED App. 0410P (6th Cir.)
File Name: 02a0410p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

PRAM NGUYEN,
      *Plaintiff-Appellee,*

      *v.*

CITY OF CLEVELAND,
      *Defendant,*

PARSONS ENGINEERING
SCIENCE, INC.,
      *Defendant-Appellant.*

No. 01-3371

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 99-02990—Ann Aldrich, District Judge.

Argued: September 17, 2002

Decided and Filed: November 27, 2002

Before: MARTIN, Chief Circuit Judge; MOORE, Circuit
Judge; WISEMAN, District Judge.[*]

———————————

[*]The Honorable Thomas A. Wiseman, Jr., United States District
Judge for the Middle District of Tennessee, sitting by designation.

———————————

**COUNSEL**

**ARGUED:** Alton L. Stephens, Jr., GALLAGHER, SHARP, FULTON & NORMAN, Cleveland, Ohio, for Appellant. Alexander M. Spater, SPATER LAW OFFICE, Columbus, Ohio, for Appellee. **ON BRIEF:** Alton L. Stephens, Jr., Robert Eddy, GALLAGHER, SHARP, FULTON & NORMAN, Cleveland, Ohio, for Appellant. Alexander M. Spater, SPATER LAW OFFICE, Columbus, Ohio, for Appellee.

———————————

**OPINION**

———————————

BOYCE F. MARTIN, JR., Chief Circuit Judge. The Appellant, Parsons Engineering Science, appeals the district court's order denying enforcement of an arbitration agreement. The district court certified its order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) despite the appellant's failure to take an immediate appeal from the denial of arbitration under the Federal Arbitration Act. On appeal the Appellee, Pram Nguyen, raises several questions of fact which if resolved favorably for Nguyen would place this Court in the position of rendering an advisory opinion on the question certified for appeal. These factual issues were raised at the district court. The district court, however, either overlooked these factual issues or assumed they had no merit without providing any record deliberating these issues. This Court's motions panel granted permission to appeal, unaware of these unresolved factual issues. Therefore, for the following reasons we **DISMISS** this interlocutory appeal on the grounds that the district court improvidently granted certification.

In the summer of 1998, Pram Nguyen left his job with the City of Cleveland and began employment with Parsons Engineering Science. On leaving his job, Nguyen filed a *qui*

At the time Nguyen signed these forms, he was about to initiate a substantial lawsuit on behalf of the United States for fraud by his former employer, the City of Cleveland. Certainly, Nguyen was aware that Parsons conducted a substantial amount of business with the City of Cleveland and that he would be involved in these projects. Consequently, Nguyen's concern about dispute resolution seems reasonable in light of the *qui tam* action he was bringing against the City of Cleveland.

On their face, these allegations challenge the validity of the documents Nguyen signed when accepting employment at Parsons. We recently stated that a contractual agreement to arbitrate must be enforced unless some ground exists on which the contract may be voided. *Haskins v. Prudential Insurance Co.*, 230 F.3d 231, 239 (6th Cir. 2000). Nguyen's affidavit raises a reasonable question as to whether there was valid assent on his part or whether the arbitration agreement covered the factual situation outlined above. It is not clear whether boilerplate language stating that the employee dispute resolution program covers "all claims arising out of the employment relationship" would apply to a 3730(h) claim, particularly one involving a party being sued by the United States for fraud who then pressures the employer to fire the key witness in the fraud action.

In first examining whether a Section 3730(h) claim can be arbitrated without resolving these factual issues of valid assent and the scope of the alleged agreement, the district court creates a reasonable possibility that we would render an advisory opinion in a case of first impression in an area of jurisprudence that has seen much activity in recent years. The district court either overlooked these factual considerations or assumed they had no merit without providing any record deliberating these issues. We **DISMISS** this interlocutory appeal because the district court improperly granted certification under Section 1292(b).

*tam* action under section 3730(a) of the False Claims Act against his former employer. The United States intervened in the action and the case was unsealed thus making Nguyen's name public. Nguyen claims that at that time, the City of Cleveland began pressuring Parsons to remove him from all work on city contracts. Nguyen's work at Parsons primarily involved city contract work; thus it came to a standstill. Parsons then terminated his employment in December of 1999. After Parsons terminated his employment, Nguyen initiated a separate false claims action under Section 3730(h) of the Act against both Parsons and the City of Cleveland.

The question certified for appeal is whether the False Claims Act prevents the enforcement of an arbitration agreement between Parsons and Nguyen therefore allowing Nguyen's 3730(h) claim to be heard in federal court. *Circuit City Stores Inc. v. Adams* makes clear that the Federal Arbitration Act can cover many forms of employment contracts. 532 U.S. 105, 111 (2001) (stating the Federal Arbitration Act "compels judicial enforcement of a wide range of written arbitration agreements.") Furthermore, there has long been a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Federal statutory claims arising under an employment contract can be appropriately resolved through arbitration and have been enforced by courts. *Id.* at 89 (citing *Rodriguez de Quijas v. Shearson/American Express, Inc.* 490 U.S. 477 (1989); *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220 (1989)).

While we note that this presumption in favor of arbitration can cover a broad array of employment contracts, Congress still has the power to exclude what it feels appropriate from the scope of arbitration agreements. *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 90 (2000). In order to determine whether a statutory claim should be arbitrated, two issues must be considered. *Id.* at 90. First, a court must examine whether the parties agreed to submit their claims to arbitration. *Id.* Second, a court must consider whether

Congress "evinced an intention to preclude a waiver of judicial remedies for the statutory rights." *Id.* (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.* 473 U.S. 614, 628 (1985)).

Recently, the Second Circuit examined whether Congress intended to preclude arbitration of a retaliatory discharge claim under the whistleblower provisions of the Financial Institutions Reform, Recovery and Enforcement Act of 1989. *Oldroyd v. Elmira Savings Bank*, 134 F.3d 72 (2d Cir. 1998). In examining the issue of Congressional intent, the Second Circuit stated that if such intent exists "it will be discoverable in the text of the [statute], its legislative history, or an 'inherent conflict' between arbitration and the [statute's] underlying purposes." *Id.* at 77 (citing *Gilmer* at 111). Following the Second Circuit, reasoning from the purposes of the statute can be appropriate if the text and legislative history are indeterminate. *Id.* However, reasoning on the basis of public policy is not appropriate. *Id.*

In his argument on appeal, Nguyen raises various factual considerations concerning the scope of the arbitration agreement and whether he knowingly waived his right to have his whistleblower claim heard in federal court. These considerations were raised before the district court in Nguyen's Memorandum Contra Parsons's Motion to Dismiss and in his affidavit filed in support of this memorandum. The district court made no ruling concerning these allegations; rather it just assumed there was an arbitration agreement which fell under the scope of the Federal Arbitration Act. Before determining whether Congress "evinced an intention to preclude a waiver of judicial remedies for the statutory rights," the district court must first determine whether the parties agreed to submit this whistleblower claim to arbitration. *Green Tree*, 531 U.S. at 90.

The record indicates Nguyen signed an offer of employment from Parsons on July 29, 1998, with a general clause stating that Parsons's employee dispute resolution program was the

exclusive means for resolving workplace disputes. On August 13, 1998, Nguyen signed an employment agreement with another arbitration clause stating that "any controversy relating to the employment agreement shall be subject to arbitration." Also on August 13, Nguyen signed a one page Employee Dispute Resolution Form stating that he agreed to be "bound by the terms of the employee dispute resolution program during and after his employment with Parsons for all claims arising out of my employment relationship with Parsons." This form also stated that Nguyen received a copy of the Employee Dispute Resolution Handbook. Though Nguyen alleges he never received the Employee Dispute Resolution Handbook explaining the program, he signed a checklist on August 14 detailing his receipt of some fifty booklets, forms, plan descriptions and policy information. One of the items checked was policy information on the employee dispute resolution program.

In his affidavit Nguyen claims that on receiving his offer of employment he asked the vice president how the agreement would handle job termination. The vice president told him he did not know but would get back to him. According to Nguyen, the vice president never got back to him and Nguyen signed the employment offer assuming it did not cover wrongful termination. Nguyen claims two weeks later the vice president then told him that the dispute resolution program only applies to disputes during the course of his employment. He claims that the deputy manager told him to sign the company Employee Dispute Resolution Program Form if he wanted to stay employed at Parsons. This form states that the signor received a copy of the Handbook; however, Nguyen states that he was told a copy was unavailable when he signed the form. Nguyen further alleges that he tried unsuccessfully to obtain a copy of the Employee Dispute Resolution Handbook. He did not receive one until the filing of Parsons's motion to dismiss. In short, he argues he never agreed to the terms outlined in the Handbook. On review of the pleadings before the district court, Parsons did not challenge these specific allegations. Rather, Parsons merely noted the language of the documents Nguyen signed.