NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0522n.06
Filed: June 17, 2005

No. 04-4541

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

SHERRI PENNINGTON, et al.,

      Plaintiffs-Appellees,

v.

FRISCH'S RESTAURANTS, INC.; PHILIP
THOMPSON,

      Defendants-Appellants.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

_____/

Before:      MARTIN and ROGERS, Circuit Judges; McKINLEY, District Judge.[*]

      BOYCE F. MARTIN, JR. Frisch's Restaurants appeals the district court's denial of its motion to compel arbitration in this case under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. For the foregoing reasons, we **REVERSE** the judgment of the district court.

I.

      Nineteen Golden Corral employees filed the underlying collective action against their employer, Frisch's Restaurants, and Philip Thompson, Frisch's district manager, alleging that Frisch's violated the Fair Labor Standards Act by incorrectly calculating their compensation. On April 1, 2004, Frisch's filed a motion to compel arbitration pursuant to arbitration agreements allegedly signed by the employees in 2002 and/or 2003. Although Frisch's original motion in the

---

      [*]The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

district court appeared to rely primarily upon the 2003 arbitration agreements, Frisch's also argued

that even if the 2003 arbitration agreements were unenforceable, arbitration should be compelled

based on the 2002 arbitration agreements. Fourteen of the nineteen plaintiffs subsequently settled

their disputes with Frisch's, thus leaving the five plaintiffs in the present action (Sherri Pennington,

Ellise Baumer, Mary Garrett, Abby DeVer, and Shirley Runck).

At least three of these plaintiffs (Pennington, Baumer, Garrett) signed an application for

employment with Frisch's that informed them of the company's arbitration plan. One clause of the

application read:

> Frisch's Restaurants, Inc. has an Alternate Dispute Resolution Program (ADRP)
> requiring Frisch's and all of its employees to submit to **FINAL AND BINDING
> ARBITRATION** all employment-related claims or controversies for which a court
> could otherwise grant relief. By signing this application you knowingly and
> voluntarily agree that, if you are offered and accept employment with Frisch's, you
> will be bound by the terms of the ADRP.

Four of the employees (Pennington, Baumer, Garrett, and DeVer) also signed an arbitration

provision contained in the 2002 employee handbook. The handbook apparently included two copies

of the arbitration agreement, one copy that was signed by the employee and placed in the personnel

file and one copy that was to remain in the employee's copy of the handbook. The arbitration

agreement signed by each of these employees expressly acknowledges receipt of the handbook

containing the terms of the arbitration plan and binds the employee to the terms of that plan. The

signed agreement reads in relevant part:

> I have carefully read the Arbitration Agreement contained in the Employee
> Guide. **I UNDERSTAND THAT BY SIGNING BELOW I AGREE TO BE
> BOUND BY THE TERMS OF THE ARBITRATION AGREEMENT AND TO
> SUBMIT TO FINAL AND BINDING ARBITRATION <u>ALL</u> CLAIMS
> (INCLUDING, BUT NOT LIMITED TO, DISCRIMINATION AND CIVIL**

> **RIGHTS CLAIMS) FOR WHICH A COURT OTHERWISE WOULD BE AUTHORIZED TO GRANT RELIEF, WHICH IN ANY WAY ARISE OUT OF OR RELATE TO MY EMPLOYMENT WITH FRISCH'S OR THE TERMINATION OF MY EMPLOYMENT WITH FRISCH'S.** I enter into the Arbitration Agreement in return for employment or continued employment, to the extent permitted by law, the commitment of Frisch's to be bound by arbitration, and to gain the many benefits associated with arbitration. . . .
>
> I acknowledge that I have received, read, and understand the Employee Guide. . . .

In 2003, Frisch's adopted a revised employee handbook that also contained an arbitration agreement. The arbitration agreement in the 2003 handbook is similar to that contained in the 2002 handbook, requiring the employee "to be bound by the terms of the arbitration agreement and to submit to final and binding arbitration all claims . . . which in any way arise out of or relate to [her] employment with Frisch's." The 2003 agreement also provides that the signing employee has "carefully read the Arbitration Agreement contained in the Employee Handbook." While it is contested whether three of the employees (Pennington, DeVer, and Baumer) actually signed the 2003 agreement, it is undisputed that the one employee in this case who did not sign the 2002 agreement, Shirley Runck, did sign the 2003 arbitration agreement.

On November 18, 2004, the district court, applying Ohio law, denied Frisch's motion to compel arbitration. The court concluded that all of the 2003 arbitration agreements were "unenforceable" because three of the employees (Pennington, DeVer, and Baumer) either claimed, or were suspicious, that their signatures were forged. Because "[a] forged signature does not manifest assent," the court declined to enforce the arbitration provision of the 2003 agreements. The court also found that "[t]he manner in which the 2002 [arbitration] agreements were executed is equally problematic," and therefore refused to enforce them as well. The court determined that the

employees did not assent to the 2002 agreements because of its apparent finding that Frisch's declined to provide the handbook when requested by the employees.

II.

This Court reviews a district court's denial of a motion to compel arbitration de novo. *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003). It is well-settled that there is a strong presumption in favor of arbitration under the Federal Arbitration Act. *Nguyen v. City of Cleveland*, 312 F.3d 243, 244 (6th Cir. 2002). It is uncontested that Ohio law applies to this case because the arbitration agreements were executed and performed in Ohio. *See Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 377 (6th Cir. 2005).

The only issue presented in this appeal is whether the district court incorrectly denied Frisch's motion to compel arbitration. Frisch's claims that arbitration of the employees' claims is required under the 2002 arbitration agreements as to plaintiffs Pennington, Baumer, Garrett and DeVer, and under the 2003 arbitration agreement as to plaintiff Runck. The employees argue that the arbitration agreements are unenforceable due to lack of mutual assent, because they are unconscionable, because they were executed under duress, and because the cost-sharing provisions contained in the arbitration provisions prevent the proper vindication of their statutory claims.

As noted above, the district court held that 2002 and 2003 agreements were unenforceable due to a lack of mutual assent. The court, however, did not consider the employees' other claims regarding the enforceability of the arbitration provisions. For the following reasons, we conclude that the district court erred in refusing to enforce the arbitration provisions based on an alleged lack

of mutual assent, and remand the case to the district court so that it may consider the employees' other claims in the first instance.

A.

It is well-established that Ohio law does not permit the enforcement of a contract without mutual assent. *See, e.g.*, *Harmon v. Philip Morris, Inc.*, 697 N.E.2d 270, 271 (Ohio Ct. App. 1997). In the present case, however, we are convinced that the district court erred in finding that the employees did not assent to the arbitration agreements. Even assuming that the 2003 agreements were ineffective (as the district court held) as to employees Pennington, DeVer, Baumer, and Garrett, each of them signed the 2002 agreement, acknowledging their receipt of the terms of the arbitration plan contained in the employee handbook and agreeing to those terms. The employees fail to provide evidence sufficient to undermine their assent to the 2002 arbitration agreement. Our review of the record revealed insufficient evidence to support the district court's vague conclusion that Frisch's declined to provide a copy of the arbitration plan when requested by the employees. The closest reference to such an accusation is in Pennington's affidavit where she merely asked about the employee guide and was allegedly told that "it's nothing, [and that she] didn't need to read it." We can find no evidence in the record suggesting that Frisch's affirmatively denied the employees a copy of the arbitration plan.

Moreover, the claim that these four employees did not receive the terms of the arbitration plan is contradicted by the fact that they expressly acknowledged, in signing the arbitration agreements, that they "received, read, and underst[ood] the Employee Guide," which included the terms of the arbitration plan. Under Ohio law, "[a] person of ordinary mind cannot be heard to say

that he was misled into signing a paper which was different from what he intended, when he could have known the truth by merely looking when he signed." *McAdams v. McAdams*, 88 N.E. 542, 544 (Ohio 1909); *accord ABM Farms, Inc. v. Woods*, 692 N.E.2d 574, 578-79 (Ohio 1998). Therefore, we hold that the district court erred in concluding that employees Pennington, DeVer, Baumer, and Garrett did not assent to the 2002 arbitration agreement.

The remaining plaintiff in this action, employee Runck, was not hired by Frisch's until 2003, and thus did not sign the 2002 arbitration agreements. However, as noted above, Runck did sign the 2003 arbitration agreement contained in the revised employee handbook. Runck has produced no evidence undermining the authenticity of her assent to this agreement. Thus, we conclude that the district court erred in finding that Runck did not assent to the 2003 arbitration agreement.

## B.

Although we hold that the employees agreed to be bound by the terms of the arbitration agreement, we reserve judgment on whether Frisch's motion to compel arbitration should be granted. The employees have presented several additional claims that were not considered by the district court, alleging that the arbitration agreements are unconscionable, that they were executed under duress, and that they prevent the proper vindication of their statutory claims. In our view, these claims are properly considered by the district court in the first instance.

## III.

In sum, we **REVERSE** the district court's judgment that the employees did not assent to the arbitration agreement in this case. However, because the employees present other claims, not

considered by the district court, alleging that the signed arbitration agreements are unenforceable

on other grounds, we **REMAND** the case to the district court for consideration of those claims.