JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, ProCare Automotive Service Solutions LLC and its CEO Eric Martinez (collectively "ProCare") appeal from the judgment of the common pleas court denying their motion to dismiss the plaintiffs' claims for lack of jurisdiction or, in the alternative, to compel arbitration and stay the proceedings. We reverse and remand for further proceedings in accordance with this opinion.
 {¶ 2} In June 2005, six plaintiffs filed suit against ProCare and Martinez, alleging that they were wrongfully terminated from their employment as managers for ProCare because of their ages, in violation of R.C. 4112.02(A) and 4112.99.[1] In *Page 3 
response, ProCare filed a motion to dismiss plaintiff Christopher Anderson's complaint for lack of jurisdiction or, in the alternative, to compel arbitration and stay the proceedings pursuant to R.C. 2711.02 and2711.03.
 {¶ 3} The record reflects that Anderson was employed as a site manager at ProCare's Beechmont facility in Cincinnati, Ohio. In the spring of 2004, Anderson informed ProCare that he had a job offer from a ProCare competitor. To induce Anderson to continue as a ProCare employee, ProCare offered Anderson a written employment contract that allegedly increased his compensation by offering him a salary plus bonus. The employment agreement, which Anderson signed in June 2004, contained an arbitration clause which provided at paragraph 15:
 {¶ 4} "The parties hereby agree that any controversy or claim arising out of or relating to this Agreement, or the breach hereof, will be settled by final and binding arbitration in accordance with the Rules of the American Arbitration Association ("AAA") then pertaining in Cleveland, Ohio, and judgment upon the award rendered by the arbitrator may be entered in any court of competent jurisdiction. Any arbitration shall take place in Cleveland, Ohio before a single arbitrator licensed to practice law in the State of Ohio (the "Arbitrator"). The Arbitrator shall be deemed to possess the powers to issue mandatory orders and restraining orders in connection with such arbitration; provided, however, that nothing in this Paragraph 15 shall be *Page 4 
construed so as to deny Employer's right and power to seek and obtain injunctive relief in a court of equity for any breach or threatened breach of Employee of any of his covenants contained in Paragraph 6."[2]
 {¶ 5} Paragraph 15(b) of the agreement set forth the manner in which an arbitrator would be selected, and paragraph 15(c) then continued:
 {¶ 6} "Employee and Employer shall equally share the fees and costs of the Arbitrator. Each party will deposit funds or post other appropriate security for its share of the Arbitrator's fee, in an amount and manner to be determined by the Arbitrator, ten (10) days prior to the first day of hearing. Each party shall pay for its own costs and attorneys' fees, if any. * * *"
 {¶ 7} In its motion to compel arbitration and stay the proceedings, ProCare argued that the court should stay proceedings and compel arbitration because Anderson had signed an arbitration agreement in which he agreed to submit his claims to binding arbitration. In his brief in opposition, Anderson asserted that the arbitration clause in question is unconscionable and therefore unenforceable as a matter of law. In addition, he moved the court pursuant to R.C. 2711.03(B) for discovery and trial by jury on the issue of unconscionability. The trial court denied ProCare's motion to dismiss for lack of jurisdiction or, in the alternative, to compel arbitration and stay proceedings. It did not rule on Anderson's motion for discovery *Page 5 
and trial, presumably because it determined that the motion was moot in light of its denial of ProCare's motion.
 {¶ 8} ProCare now appeals from the trial court's judgment.[3] It argues, in its four assignments of error, which are set forth in the appendix to this opinion, that the trial court erred in not staying Anderson's claims and compelling arbitration because: 1) the parties agreed to arbitrate their claims; 2) the arbitration agreement is not unconscionable; 3) ProCare did not waive its right to compel arbitration by filing an action against Anderson in the Clermont County Court of Common Pleas to protect its trade secrets; and 4) even if any of the terms in the agreement were objectionable, the trial court should have severed the offending terms and enforced the arbitration clause.
 {¶ 9} Whether an arbitration clause is unconscionable is a question of law. Ins. Co. of North Am. v. Automatic Sprinkler Corp. (1981),67 Ohio St.2d 91, 98. The issue of whether an appellate court should apply a de novo or abuse of discretion standard of review when reviewing a trial court's decision granting or denying a motion to compel arbitration, where it is alleged that the arbitration clause is unconscionable, is currently pending before the Ohio Supreme Court. See Taylor Bldg. Corp.of Am. v. Benfield, 112 Ohio St.3d 1417, 2006-Ohio-6712.[4] *Page 6 
 {¶ 10} Resolving disputes through the extra-judicial process of arbitration is generally favored in the law. Williams v. Aetna Fin.Co., 83 Ohio St.3d 464, 471, 1998-Ohio-294. An agreement to arbitrate is typically viewed "as an expression that the parties agree to arbitrate disagreements within the scope of the agreement, and, with limited exceptions, such an agreement is to be upheld just as any other contract." Vanyo v. Clear Channel Worldwide, 156 Ohio App.3d 706,2004-Ohio-1793, at ¶ 8.
 {¶ 11} Nevertheless, as a matter of law, an arbitration clause is not enforceable if it is found to be unconscionable. Olah v. GanleyChevrolet, Inc., Cuyahoga App. No. 86132, 2006-Ohio-694, at 4|10, citingWilliams, supra at 471. "Unconscionability is generally recognized to include an absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party." Collins v. Click Camera Video, Inc. (1993), 86 Ohio App.3d 826, 834. "Unconscionability thus embodies two separate concepts: 1) unfair and unreasonable contract terms, i.e., `substantive unconscionability,' and 2) individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible, i.e., `procedural unconscionability' * * *. These two concepts create what is, in essence, a two-prong test of unconscionability. One must allege and prove a `quantum' of both prongs in order to establish that a particular contract is unconscionable." Id., quoting White Summers, Uniform Commercial Code (1988) 219, Section 4-7. *Page 7 
1. Substantive Unconscionability {¶ 12} Substantive unconscionability concerns the actual terms of the agreement and whether the terms are unfair and unreasonable.Collins, supra at 834. Arbitration clauses are unconscionable where the "clauses involved are so one-sided as to oppress or unfairly surprise [a] party." Neubrander v. Dean Witter Reynolds, Inc. (1992),81 Ohio App.3d 308, 311-312. See, also, Orlett v. Suburban Propane (1989),54 Ohio App.3d 127, 129 (finding that an arbitration clause is unconscionable where "one party has been misled as to the `basis of the bargain,' where a severe imbalance in bargaining power exists, or where specific contractual terms are outrageous.")
 {¶ 13} The right to recover damages in employment discrimination actions brought pursuant to R.C. 4112.99, such as in this case, includes the right to recover punitive damages. Rice v. Certain Teed Corp.
(1999), 84 Ohio St.3d 417. If the jury awards punitive damages, it must then decide, as a matter of law, if the employer is liable for the employee's attorney fees. Digital Analog Design Corp. v. North SupplyCo. (1992), 63 Ohio St.3d 657, paragraphs two and three of the syllabus. Attorney fees can be a significant portion of a plaintiff's award. See, e.g., Gliner v. Saint-Gobain Norton Indus. Ceramics Corp. (2000),89 Ohio St.3d 414 (compensatory damages $195,000, punitive damages $940,000, attorney fee award $175,000); Griffin v. MDK Food Serv.,Inc., 155 Ohio App.3d 698, 2004-Ohio-133 *Page 8 
(compensatory damages $100,000, punitive damages $500,000, attorney fee award $90,000).
 {¶ 14} Here, however, the arbitration clause at issue provides that each party will pay its own attorney fees. It therefore deprives Anderson of his right to obtain his attorney fees from ProCare as part of the available damages, a right he unquestionably has as provided by law.
 {¶ 15} "It is well-established that `a party does not forgo the substantive rights afforded by [a] statute [when he agrees to arbitrate a statutory claim but] only submits to their resolution in an arbitral, rather than a judicial, forum.' * * * The critical question is not whether a claimant may obtain some of the entire range of remedies under [the statute], but whether the limitation on remedies at issue undermines the rights protected by the statute." Morrison v. Circuit City Stores
(C.A.6, 2003), 317 F.3d 646, 670, quoting Gilmer v. Interstate/JohnsonLane Corp. (1991), 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26.
 {¶ 16} Under Ohio law, a successful plaintiff in an employment discrimination case may be awarded his attorney fees. Here, the arbitration clause unquestionably requires Anderson to surrender that right. On this basis alone, the clause is substantively unconscionable.
 {¶ 17} Moreover, the imbalance of the respective rights of the parties to the employment agreement demonstrates the unconscionability of the arbitration clause. While Anderson is limited to mandatory arbitration regarding any employment *Page 9 
dispute, the agreement provides that ProCare may bypass arbitration and seek judicial remedies in court in order to obtain injunctive relief for any breach or threatened breach by Anderson of the covenants contained in the non-competition and confidentiality provisions of the employment agreement. We are not persuaded by ProCare's assertion that this provision, which allows ProCare to use a judicial forum when it is the plaintiff, but limits Anderson to arbitration when he is the plaintiff, is not unconscionable. See, e.g., Small v. HCF of Perrysburg, Inc.,159 Ohio App.3d 66, 2004-Ohio-5757.
 {¶ 18} Finally, we note that the arbitration clause provides that each party will equally share the costs and fees of the arbitrator, but does not disclose either the costs of arbitration or the fact that they may be substantially higher than costs associated with a regular court proceeding. For example, it does not reveal that the fees required to pursue a claim in arbitration vary with the amount of damages alleged, unlike a court proceeding. See the AAA National Rules for the Resolution of Employment Disputes, attached to Anderson's brief in opposition to ProCare's motions. Likewise, the clause does not reveal that the parties are responsible for other costs not incurred in a court proceeding, such as the arbitrator's compensation, or the cost of a stenographic record of the proceedings.
 {¶ 19} In Morrison, supra, the Sixth Circuit Court of Appeals rejected a per se rule of unconscionability regarding cost-splitting provisions of arbitration agreements and held that the enforceability of a fee-splitting clause must be decided on a case-by-case *Page 10 
basis. The court stated that "[a] cost-splitting provision should be held unenforceable whenever it would have the `chilling effect' of deterring a substantial number of potential litigants from seeking to vindicate their statutory rights." Id. at 661. Reviewing courts must consider whether the litigant will incur expenses not incurred in the judicial forum "and whether that expense, taken together with the other costs and expenses of the differing fora, would deter potential litigants from bringing their statutory claims in the arbitral forum. The issue is not `the fact that [the] fees would be paid to the arbitrator,' but rather whether the `overall cost of arbitration,' from the perspective of the potential litigant, is greater than `the cost of litigation in court.'" Id. at 664, quoting Bradford v. RockwellSemiconductor Sys., Inc. (C.A.4, 2001), 238 F.3d 549, 556.
 {¶ 20} Here, although he alleged that the costs of arbitration would be significantly higher than litigation costs, Anderson produced no evidence demonstrating that the cost of arbitration would operate to deter him or other similarly situated individuals from seeking to vindicate his statutory rights through arbitration. Nevertheless, having already determined that the arbitration agreement is substantively unconscionable because it deprives Anderson of his right to recover attorney fees, we need not decide whether the cost-splitting arrangement is also substantively unconscionable.
2. Procedural Unconscionability *Page 11 {¶ 21} Procedural unconscionability involves the circumstances surrounding the execution of the contract between the two parties and occurs where no voluntary meeting of the minds was possible.Collins, supra at 834. In determining procedural unconscionability, a court should consider factors bearing on the relative bargaining position of the contracting parties — including age, education, intelligence, business acumen, and experience in similar transactions — whether the terms were explained to the weaker party, and who drafted the contract. Id., citing Johnson v. Mobil Oil Corp. (E.D.Mich. 1976),415 F.Supp 264, 268. Additionally, the court should consider whether the party who claims that the terms of a contract are unconscionable was represented by counsel at the time the contract was executed. Eagle v.Fred Martin Motor Co., 157 Ohio App.3d 150, 163, 2004-Ohio-829, at ¶ 31, citing Bushman v. MFC Drilling, Inc. (July 19, 1995), 9th Dist. No. 2403-M. "The crucial question is whether `each party to the contract, considering his obvious education or lack of it, [had] a reasonable opportunity to understand the terms of the contract, or were the important terms hidden in a maze of fine print * * *?'" Lake RidgeAcademy v. Carney (1993), 66 Ohio St.3d 376, 383, quoting Williams v.Walker-Thomas Furniture Co. (C.A.D.C. 1965), 350 F.2d 445, 449.
 {¶ 22} Here, the arbitration clause, which was drafted by ProCare, cleverly concealed the fact that by agreeing to arbitration, Anderson was giving up his right pursuant to R.C. 4112.99 to be awarded attorney fees should the jury award punitive *Page 12 
damages. This strongly suggests the clause is procedurally unconscionable on its face.
 {¶ 23} However, the record does not contain information regarding Anderson's age, business acumen, and the circumstances surrounding the execution of the agreement.
3. Necessity of Hearing {¶ 24} In this case, ProCare filed a joint motion to stay proceedings and compel arbitration. In Maestle v. Best Buy Co., 100 Ohio St.3d 330,2003-Ohio-6465, the Ohio Supreme Court noted that a motion to compel arbitration and a motion to stay proceedings are separate and distinct procedures which serve different purposes. A party may choose to move for a stay, petition for an order to compel arbitration, or seek both. Id. at Tf18.
 {¶ 25} The Maestle court held that a trial court is not required to conduct a hearing when a party moves for a stay pursuant to R.C. 2711.02, but may stay proceedings "upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration * * *."
 {¶ 26} The Maestle court noted further that "[b]y its terms, R.C. 2711.03 applies where there has been a petition for an order to compel the parties to proceed to arbitration." Id. at Tf15. This statute provides:
 {¶ 27} "(A) The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas *Page 13 
having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. * * * The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement."
 {¶ 28} "(B) If the making of the arbitration agreement or the failure to perform it is in issue in a petition filed under division (A) of this section, the court shall proceed summarily to the trial of that issue. * * *"
 {¶ 29} Accordingly, pursuant to this section, where a party has filed a motion to compel arbitration, the court must, in a hearing, make a determination as to the validity of the arbitration clause.Maestle, supra at y 18; Benson v. Spitzer Mgt, Inc., Cuyahoga App. No. 83558, 2004-Ohio-4751, at [19; Eagle, supra at [20; Boggs CustomHomes, Inc. v. Rehor, Summit App. No. 22211, 2005-Ohio-1129, at ¶ 16;Herman v. Ganley Chevrolet, Inc. (Dec. 26, 2002), Cuyahoga App. Nos. 81143 81272. Additionally, this court has held that the parties should be afforded an evidentiary hearing on the validity of an arbitration clause where unconscionability is raised as an objection to its enforceability. See, e.g., Bencivenni v. Dietz, Cuyahoga App. No. 88269,2007-Ohio-637; Olah, supra at fflf 29-31 and cases cited therein;Molina v. Ponsky, Cuyahoga App. No. 86057, 2005-Ohio-6349. *Page 14 
 {¶ 30} It does not appear from the record that the trial court held a hearing regarding the enforceability of the arbitration provision. Accordingly, we sustain ProCare's second assignment of error solely on that basis. Having determined that the arbitration clause is substantively unconscionable, we remand so the trial court can hold a hearing to determine whether the arbitration clause is also procedurally unconscionable.
 {¶ 31} Appellants' second assignment of error is sustained.
4. Severability {¶ 32} In its third assignment of error, ProCare contends that the trial court erred in not severing the alleged offending terms, pursuant to the severability clause contained in paragraph 9 of the employment agreement,[5] and then enforcing the arbitration clause.
 {¶ 33} This issue is not yet ripe for our review. The trial court must first decide the severability issue in order for us to review it.
 {¶ 34} Appellants' third assignment of error is overruled.
 {¶ 35} Our resolution of appellants' second assignment of error renders its first and fourth assignments of error moot and therefore we need not address them. See App. R. 12(A)(1)(c). *Page 15 
 {¶ 36} Having determined that the arbitration clause at issue is substantively unconscionable, we remand for a hearing regarding the "particular facts and circumstances surrounding the agreement" to determine if the clause is also procedurally unconscionable. Porpora v.Gatliff Bldg. Co., 160 Ohio App.3d 843, 2005-Ohio-2410, at ¶ 9. If the court finds the clause to be procedurally unconscionable, it should then determine whether the offending terms should be severed, or whether the arbitration clause is unenforceable in its entirety.
Reversed and remanded for proceedings consistent with this opinion.
It is ordered that the parties share equally the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J., CONCURS
COLLEEN CONWAY COONEY, P.J. CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE CONCURRING AND DISSENTING OPINION
[1] All of the plaintiffs were long-term employees of ProCare; all were over 40 years of age when they were terminated; all were terminated within the same three and one-half month period.
[2] Paragraph 6 contained confidentiality and non-competition clauses.
[3] Only ProCare and Anderson are parties to this appeal.
[4] Because we decide this case on other grounds, this uncertainty in the standard of review does not affect our decision.
[5] Paragraph 9 states: "The provisions of this Agreement are severable and, if any one or more provisions may be determined to be illegal or otherwise unenforceable, in whole or in part, the remaining provisions and any partially unenforceable provision to the extent enforceable will, nevertheless, be binding and enforceable."