{¶ 18} Because I find that the trial court erred in failing to hold a hearing on Dillard's motion to compel arbitration, I respectfully dissent.
 {¶ 19} A motion to compel arbitration is governed by R.C. 2711.03, which provides in relevant part:
 {¶ 20} "(A) The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. *** The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.
 {¶ 21} "(B) If the making of the arbitration agreement or the failure to perform it is in issue in a petition filed under division (A) of this section, the court shall proceed summarily to the trial of that issue. ***"
 {¶ 22} Under the plain language of R.C. 2711.03, a trial court is required to hold a hearing on a motion to compel arbitration when the enforceability of the arbitration agreement is raised. Post v. ProCareAuto. Serv. Solutions, 8th Dist. No. 87646, 2007-Ohio-2106, ¶ 29, citingMaestle v. Best Buy Co., 100 Ohio St.3d 330, 2003-Ohio-6465, ¶ 18; see, also, Eagle v. Fred Martin Motor Co., 157 Ohio App.3d 150,2004-Ohio-829, ¶ 20; Brunke v. Ohio State Home Servs., 9th Dist. *Page 9 
No. 06CA008947, 2007-Ohio-3119,1J16. Indeed, this court has consistently applied and upheld this requirement, recognizing that "parties should be afforded an evidentiary hearing on the validity of an arbitration clause where unconscionability is raised as an objection to its enforceability." Marks v. Morgan Stanley Dean Witter Commercial Fin.Servs., 8th Dist. No. 88948, 2008-Ohio-1820, ¶ 22, fn.2, quotingPost, supra, at ¶ 29 (referencing several cases); see, also,McDonough v. Thompson, 8th Dist. No. 82222, 2003-Ohio-4655, ¶ 11
(referencing several cases).
 {¶ 23} Here, the trial court granted Dillard's motion to compel arbitration without holding a hearing. Although the majority states that Mattox failed to request a hearing, the record indicates that Dillard's first requested a hearing and Mattox never opposed that request. Prior to issuing its decision, the trial court never notified the parties that it would summarily decide the matter without a hearing. Further, the record reflects that Mattox was attempting to obtain discovery from Dillard's regarding the very issue of the enforceability of the arbitration agreement. Indeed, the trial court decided Dillard's motion only five months after it had been filed but prior to any discovery taking place. Based on this record and the presumption in favor of a hearing, I do not find that Mattox waived her right to a hearing. To the contrary, I believe Mattox rightfully anticipated a hearing and desired to be heard on the issue of unconscionability.
 {¶ 24} There are some unique instances, however, where a trial court's *Page 10 
failure to hold a hearing does not amount to reversible error. For example, where the record below is well-developed, where the trial court allowed the parties to conduct discovery and to extensively brief the issues, and the parties never requested a hearing nor complained of the lack of a hearing on appeal, appellate courts have declined to remand the case solely for an evidentiary hearing. See Marks, supra;Eagle, supra.[1] Other courts recognize that it is mandatory for a trial court to hold a hearing if a party requests one, but absent a request, the trial court need not hold an oral hearing. Church v.Fleishour Homes, Inc., 172 Ohio App.3d 205, 2007-Ohio-1806, ¶ 29, citingCross v. Carnes (1998), 132 Ohio App.3d 157, 166.
 {¶ 25} In this case, the trial court failed to hold a hearing despite one being requested. I find no unique circumstances in this case that would justify excusing the mandatory hearing requirement of R.C. 2711.03. Here, the parties were not permitted to conduct discovery and the record is not completely developed. Accordingly, I find that the matter should be remanded for a hearing on the issue of the unconscionability of the arbitration agreement. See, generally,Taylor Bldg. Corp. of Am. v. Benfield, 117 Ohio St.3d 352,2008-Ohio-938, ¶ 52-59 (implicitly recognizing that evidence regarding both the procedural and substantive unconscionability of an arbitration agreement should be presented at a hearing and *Page 11 
failure to present such evidence requires a trial court to enforce arbitration agreement).
 {¶ 26} Accordingly, I would sustain Mattox's second assignment of error and remand for a hearing.
[1] Even in these cases, however, the appellate courts still recognized that a hearing is mandatory under R.C. 2711.03 but declined to remand the case based on the unusual circumstances of the proceedings below, namely, the lengthy discovery, the amount of time that had elapsed since the case was filed, the evidence in the record, and the fact that the parties never requested a hearing nor complained of the lack of one on appeal. *Page 1