[Cite as *Robinson v. Mayfield Auto Group, L.L.C.*, 2017-Ohio-8739.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105844**

# JOHN P. ROBINSON, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# MAYFIELD AUTO GROUP, L.L.C., ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-869520

**BEFORE:** Blackmon, J., McCormack, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** November 30, 2017

**ATTORNEYS FOR APPELLANTS**

Sheila A. McKeon
Colleen A. Mountcastle
Melanie R. Irvin
Gallagher Sharp L.L.P.
Bulkley Building, Sixth Floor
1501 Euclid Avenue,
Cleveland, Ohio 44115


**ATTORNEYS FOR APPELLEES**

Ann E. Knuth
Mansour Gavin L.P.A.
North Point Tower
1001 Lakeside Avenue, Suite 1400
Cleveland, Ohio 44114

David M. Neumann
David Neumann L.L.C.
2769 Commercial Road
(East Ninth Extension)
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Plaintiff-appellant, John P. Robinson ("Robinson"), appeals from the order of the trial court granting the motion to stay proceedings pending arbitration filed by defendant-appellee Mayfield Auto Group, L.L.C., d.b.a. Nick Mayer Ford Lincoln ("Nick Mayer Ford"). Robinson assigns the following error for our review:

> The trial court erred in granting [Nick Mayer Ford's] motion to stay proceedings as to the claims of John P. Robinson pending arbitration.

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

**{¶3}** In September 2016, Robinson, the former controller for Nick Mayer Ford, and his coworker Eric Walker, filed a complaint against the dealership alleging breach of contract and unjust enrichment.[1] As is relevant herein, Robinson alleged that he, Robinson, began his employment with Marshall Ford in 2005. In 2014, Marshall Ford was purchased by Nick Mayer Ford, and the terms of Robinson's employment were adopted by Nick Mayer Ford. Robinson alleged that under the terms of the Controller pay plan, he was entitled to a monthly base salary plus commissions in the amount of 1% of the dealership's net pre-tax profit, and payment for unused vacation. He alleged that he is entitled to accrued commissions in the amount of $11,459, past vacation payment in the amount of $5,192, and current vacation payment in the amount of $3,600.

---

[1] Walker is not a party to this appeal.

**{¶4}** In its answer, Nick Mayer Ford denied liability and asserted that Robinson's claims were subject to a mandatory arbitration agreement that was part of his employment. Nick Mayer Ford also moved to stay the proceedings pending arbitration and attached a copy of the arbitration agreement, which states:

> any and all claims or controversies between me and the COMPANY relating to my employment with the COMPANY or termination thereof including claims for breach of contract, tort, employment discrimination (including unlawful harassment) and any violation of any state or federal law shall be resolved by arbitration in accordance with the applicable National Rules for the Resolution of Employment Disputes of the American Arbitration Association.
> * * *
>
> If any party prevails on a statutory claim, which affords the prevailing party attorneys fees, then the arbitrator may award reasonable attorneys fees and costs to the prevailing party.

> I understand and agree that this Arbitration Agreement contains a full and complete statement of any and all agreements and understandings regarding resolution of disputes between the COMPANY and me * * *.

**{¶5}** In opposition to the motion to stay, Robinson acknowledged that he signed the arbitration agreement but argued that the agreement was unsupported by consideration, and that it is unenforceable because it lacks mutuality and is unconscionable.

**{¶6}** On May 2, 2017, the trial court stayed Robinson's claims pending arbitration. Robinson now appeals.

## Standard of Review

**{¶7}** Generally, questions concerning whether an arbitration agreement is enforceable or unconscionable are reviewed under a de novo standard of review. *Hedeen v. Autos Direc t Online, Inc.*, 2014-Ohio-4200, 19 N.E.3d 957, ¶ 9 (8th Dist.), citing *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2012-Ohio-1543, ¶ 7, and *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 353, 2008-Ohio-938, 884 N.E.2d 12. We give no deference to a trial court's decision when reviewing an issue de novo. *Hedeen* at ¶ 9, citing *Brownlee v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 97707, 2012-Ohio-2212, ¶ 9.

**{¶8}** There is a presumption in favor of arbitration where the disputed issue falls within the scope of the arbitration agreement, "except upon grounds that exist at law or in equity for the revocation of any contract." *DeVito v. Autos Direct Online, Inc.*, 2015-Ohio-3336, 37 N.E.3d 194, ¶ 42 (8th Dist.)(*en banc*); *Conte v. Blossom Homes L.L.C.*, 8th Dist. Cuyahoga No. 103751, 2016-Ohio-7480, ¶ 13.

**{¶9}** In *DeVito*, this court explained that presumption as follows:

It is well settled that the arbitration process is a favored method to settle disputes. Both the Ohio General Assembly and the courts have expressed a strong public policy favoring arbitration. *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 15. Arbitration is favored because it provides the parties "'with a relatively expeditious and economical means of resolving a dispute.'" *Id.*, quoting *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 712, 590 N.E.2d 1242 (1992).

*Id.* at ¶ 12. *Accord* R.C. 2711.01(A) (an arbitration agreement in a written contract "shall be valid, irrevocable, and enforceable, except upon grounds that exist in law or equity for the revocation of any contract.").

**{¶10}** Under R.C. 2711.02(B), when a trial court determines that an arbitration provision is enforceable, the trial court shall on application of a party, stay the trial pending arbitration, unless arbitration has been waived.

**{¶11}** In the instant matter, Robinson argues that the arbitration provision is unenforceable for lack of mutuality of assent and consideration, and because it is unconscionable.

## I.   Enforceability

**{¶12}** Arbitration is a matter of contract. *DeVito* at ¶ 13, citing *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). Thus, prior to making any determination regarding the arbitrability of any issue, a court must first determine whether the arbitration agreement is enforceable under basic contract precepts. *Skerlec v. Ganley Chevrolet, Inc.*, 8th Dist. Cuyahoga No. 98247, 2012-Ohio-5748, ¶ 8, citing *Council of Smaller Ents. v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 665, 1998-Ohio-172, 687 N.E.2d 1352.

**{¶13}** The elements of a contract are a voluntary offer, acceptance of the offer, and consideration. *Butcher v. Bally Total Fitness Corp.,* 8th Dist. Cuyahoga No. 81593, 2003-Ohio-1734, ¶ 28, citing *Nilavar v. Osborn*, 127 Ohio App.3d 1, 711 N.E.2d 726 (2d Dist.1998); *Noroski v. Fallet*, 2 Ohio St.3d 77, 79, 442 N.E.2d 1302 (1982). The "mutuality of obligation" doctrine requires only a quid pro quo or consideration. *Frick v. Univ. Hosps. of Cleveland*, 133 Ohio App.3d 224, 228, 727 N.E.2d 600 (8th Dist.1999). The Ohio Supreme Court has held that giving up a right to trial, in addition

to the corresponding rights of that judicial process, is consideration. *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 42-43.

{¶14}    In support of his contention that the arbitration agreement is unenforceable, Robinson relies on *Harmon v. Philip Morris*, 120 Ohio App.3d 187, 697 N.E.2d 270 (8th Dist.1997). In *Harmon*, the employer's alternative dispute resolution and arbitration programs required the employee, but not the employer, to submit claims to arbitration.  The employer gave the employee the option of accepting the program or working elsewhere, and the employer also reserved the right to terminate the program at any time.   The employee "acknowledged receipt of" pamphlets explaining the agreement.   In concluding that the employee was not required to arbitrate his claim for wrongful termination, this court found no "acceptance" of the agreement, no mutuality, and no consideration.

## A.   Acceptance

{¶15}   In undertaking its analysis, the *Harmon* court explained:

[T]he Restatement of the Law 2d, Contracts (1981), Section 17, which provides as follows:

"(1)    * * * the formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration."

Section 22 provides:

"(1) The manifestation of mutual assent to an exchange ordinarily takes the form of an offer or proposal by one party followed by an acceptance by the other party or parties."

(Emphasis deleted.)    *Id*. at 190.

**{¶16}** Therefore, as to the acceptance issue, this court noted that Harmon merely signed a document verifying that he had "received the information," but did not agree to the terms set forth in the program. *Harmon,* 120 Ohio App.3d at 191.

**{¶17}** Here, however, Robinson did not merely acknowledge receipt of the arbitration agreement. Rather, he specifically agreed that he "understand[s] and agree[s] that this Arbitration Agreement contains a full and complete statement of any and all agreements and understandings regarding resolution of disputes between the COMPANY and me[.]" Therefore, we find sufficient acceptance.

## B. Mutuality of Assent

**{¶18}** Robinson argues that the arbitration agreement is unilateral, and the trial court erred in "summarily determining that there was mutual assent[.]"

**{¶19}** With regard to the mutuality of the assent and consideration, the *Harmon* court also noted that "the terms of this program require employees to arbitrate their claims against Philip Morris but do not similarly require Philip Morris to arbitrate its claims against them. 120 Ohio App.3d at 191.

**{¶20}** However, in *Bell v. Hollywood Ent.*, 8th Dist. Cuyahoga No. 87210, 2006-Ohio-3974, this court distinguished *Harmon* and found sufficient mutuality of obligation where the employer was required to submit all claims to arbitration and could not alter or terminate the arbitration program. *Accord Skerlec*, 2012-Ohio-5748. In *Skerlec*, both the employee and the dealership agreed to submit any unresolved complaint

of "workplace wrongdoing" to arbitration and both parties agreed to give up their right to a jury trial in exchange for the other's similar promise. *Id.* at ¶ 12. This court agreed with the trial court's determination that the arbitration provision was enforceable in light of the mutual promises and consideration, and "[u]nlike *Harmon* and *Post* [*v. ProCare Auto. Serv. Solutions*, 8th Dist. Cuyahoga No. 87646, 2007-Ohio-2106], there is nothing in the arbitration agreement that permits the employer to bypass arbitration." *Id.* at ¶ 13.

{¶21} In this matter, the arbitration agreement states:

> any and all claims or controversies between me and the COMPANY relating to my employment with the COMPANY or termination thereof including claims for breach of contract, tort, employment discrimination (including unlawful harassment) and any violation of any state or federal law * * * shall be resolved by arbitration.

Therefore, because the agreement pertains to "all" claims and controversies, it governs both the employee's and employer's claims. Unlike *Harmon* and *Post*, there is no provision that allows the employer to use the judicial process. Therefore, the agreement is not void for lack of mutuality.

### C. Consideration

{¶22} Robinson argues that there is insufficient consideration for the agreement because his employment was not contingent upon signing the arbitration agreement. He notes that Nick Mayer Ford took no action against his coworker Walker for failing to sign the agreement.

{¶23} With regard to consideration, the *Harmon* court noted:

[Restatement (Second) of Contracts,] Section 17 provides:

"(1) To constitute consideration, a performance or a return promise must be bargained for.

"(2) A performance or return promise is bargained for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise.

"(3) The performance may consist of

"(a) an act other than a promise, or

"(b) a forbearance, or

"(c) the creation, modification, or destruction of a legal relation."

*Harmon,* 120 Ohio App.3d at 190.

{¶24} In finding insufficient consideration, the *Harmon* court explained:

[S]ince Philip Morris reserves the right to amend or terminate the program at any time, it has neither offered a benefit to employees nor incurred a detriment by modifying the terms of the employment relationship. Thus, no consideration flowed from the employer to the employees to compensate them for relinquishing their individual and collective rights to present their claims to a jury in a court of law because they remained at-will employees following implementation of the program, subject to termination but without the right to seek redress from a jury.

*Id.* at 191.

{¶25} However, in *Skerlec*, 2012-Ohio-5748, this court found sufficient consideration. The *Skerlec* court noted that "[n]o consideration is required above and beyond the mutual agreement to arbitrate." *Id.* at ¶ 13, citing *Corl v. Thomas & King*, 10th Dist. Franklin No. 05AP-1128, 2006-Ohio-2956, ¶ 20, citing *Dantz v. Apple Ohio LLC*, 277 F.Supp.2d 794 (N.D.Ohio 2003). The *Skerlec* court also noted that giving up

a right to trial, in addition to the corresponding rights of that judicial process, is consideration. *Id*. at ¶ 9, citing *Hayes*, 122 Ohio St.3d 63 at ¶ 42-43.

**{¶26}** From the foregoing, the parties' agreement to arbitrate all disputes serves as consideration; consideration is not dependent upon the promise of continued employment. Further, in this matter, unlike *Harmon,* 120 Ohio App.3d at 187, and *Post*, 2007-Ohio-2106, Nick Mayer Ford did not reserve the right to alter or terminate the plan. Rather, the parties mutually agreed to arbitrate "any and all claims or controversies." Therefore, we find sufficient consideration to support the mandatory arbitration agreement.

**{¶27}** In accordance with the foregoing, we conclude that the arbitration agreement contains the requisite elements of a valid, enforceable contract.

## II. Unconscionability

**{¶28}** Unconscionability is a ground for revocation of a contract. *Taylor Bldg. Corp. of Am.,* 117 Ohio St.3d 352 at ¶ 32; R.C. 2711.01(A). Whether a particular contract or contract provision is unconscionable is a question of law subject to de novo review. *Taylor Bldg. Corp. of Am.* at ¶ 36; *Devito,* 2015-Ohio-3336 at ¶ 16; *Martin v. Byke*, 8th Dist. Cuyahoga No. 88878, 2007-Ohio-6816, ¶ 25. The party claiming unconscionability bears the burden of proving that the contract or provision at issue is unconscionable. *Taylor Bldg. Corp. of Am.* at ¶ 33.

**{¶29}** In *Martin*, this court explained the concept of unconscionability as follows:

"Unconscionability is generally recognized to include an absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party." *Collins v. Click Camera & Video, Inc*. (1993), 86 Ohio App.3d 826, 834, 621 N.E.2d 1294. "Unconscionability thus embodies two separate concepts: 1) unfair and unreasonable contract terms, i.e., 'substantive unconscionability,' and 2) individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible, i.e., 'procedural unconscionability * * *. These two concepts create what is, in essence, a two-prong test of unconscionability. One must allege and prove a 'quantum' of both prongs in order to establish that a particular contract is unconscionable." *Id*., quoting White & Summers, Uniform Commercial Code (1988) 219, Section 4-7.

Substantive unconscionability concerns the actual terms of the agreement and whether the terms are unfair and unreasonable. *Collins, supra*, at 834. Contract clauses are unconscionable where the "clauses involved are so one-sided as to oppress or unfairly surprise [a] party." *Neubrander v. Dean Witter Reynolds, Inc.* (1992), 81 Ohio App.3d 308, 311-312, 610 N.E.2d 1089.

Procedural unconscionability involves the circumstances surrounding the execution of the contract between the two parties and occurs where no voluntary meeting of the minds was possible. *Collins, supra* at 834. In determining procedural unconscionability, a court should consider factors bearing on the relative bargaining position of the contracting parties — including age, education, intelligence, business acumen, and experience in similar transactions — whether the terms were explained to the weaker party, and who drafted the contract. *Id*., citing *Johnson v. Mobil Oil Corp*., 415 F.Supp 264, 268 (E.D.Mich. 1976).

*Id*. at ¶ 28-30; *see also Devito* at ¶ 14-20.

## A.   Substantive Unconscionability

**{¶30}** Robinson argues that the arbitration agreement is substantively unconscionable in accordance with this court's decision in *Post v. ProCare Auto. Serv. Solutions*, 8th Dist. Cuyahoga No. 87646, 2007-Ohio-2106. He asserts that it required the employee, but not the employer, to submit his or her disputes to arbitration, did not disclose the costs, and that he "may end up spending a considerably higher amount of costs and fees in arbitration."

### 1. Lack of Mutuality as Basis of Unconscionability

**{¶31}** As noted in *Post*, 2007-Ohio-2106, lack of mutuality can be a basis of unconscionability. *Id.* at ¶ 17.

**{¶32}** Here, however, as this court noted in the discussion of enforceability of the agreement, the arbitration agreement required arbitration of "any and all claims or controversies between me and the COMPANY relating to my employment with the COMPANY or termination thereof[.]" Therefore, we reject Robinson's claim of lack of mutuality.

### 2. Failure to Disclose Costs

**{¶33}** The arbitration agreement that the *Post* court found to be substantively unconscionable did not disclose the costs of arbitration or the fact that they may be substantially higher than costs associated with a regular court proceeding. *Id.* at ¶ 18. However, the plaintiff presented no evidence that the costs of arbitration would deter him

from vindicating his rights in arbitration. *Id.* at ¶ 20. Similarly, in *McCaskey*, this court stated:

> [A] failure to disclose the costs of arbitration did not make a provision per se unconscionable. [*Taylor,* 117 Ohio St.3d 352] at ¶ 56-58, citing *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 90-91, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000). The *Taylor* court required specific and individualized evidence that arbitration costs were unduly burdensome to the party opposing it.
>
> Here, just as in *Taylor*, there is no evidence that McCaskey would be prevented from prosecuting his claim in arbitration even though he did submit various fee schedules for the American Arbitration Association ("AAA") and the National Arbitration Forum ("NAF").

*Id*., 2012-Ohio-1543, at ¶ 32-33.

{¶34} Similarly, in this matter, there is no evidence that Robinson would be prevented from prosecuting his claim in arbitration.

{¶35} In accordance with the foregoing, we likewise reject the claim that the arbitration agreement is unconscionable for failing to disclose costs.

### 3.   Costs of Arbitration Higher Than Litigation

{¶36} Robinson maintains that the costs of arbitration are higher than in the judicial forum and he "may end up spending a considerably higher amount of costs and fees in arbitration."

{¶37} The party complaining of the costs of arbitration bears the burden of showing the likelihood of incurring such costs. *Felix v. Ganley Chevrolet Inc*., 8th Dist. Cuyahoga Nos. 86990 and 86991, 2006-Ohio-4500, ¶ 21. The mere "risk" that a party will be saddled with prohibitive cost is too speculative to justify the invalidation of an arbitration agreement. *Taylor Bldg. Corp. of Am.,* 117 Ohio St.3d 352, at ¶ 57.

**{¶38}** Here, Robinson's assertion that he "may end up spending a considerably higher amount of costs and fees in arbitration" is too speculative to support the claim of unconscionability. *Id.* Further, Robinson's claim that the costs of arbitration are higher than in the judicial forum was insufficient to demonstrate that the cost of arbitration would operate to deter him or other similarly situated individuals from seeking to vindicate his statutory rights through arbitration.

**{¶39}** Further, the evidence presented herein concerning arbitration filing appears to place a greater cost burden upon the employer, and there is no basis upon which we can conclude that the arbitration costs and fees are prohibitive, unreasonable, or unfair as applied to Robinson, or that Robinson has been denied the opportunity for a hearing of his claims due to the costs. *Accord Felix*, 2006-Ohio-4500, at ¶ 21.

## B.   Procedural Unconscionability

**{¶40}** Robinson next asserts that the arbitration agreement is procedurally unconscionable because it was drafted by Nick Mayer Ford and was not explained to Robinson. This court rejected similar claims in *Pruitt v. Strong Style Fitness*, 8th Dist. Cuyahoga No. 96332, 2011-Ohio-5272, and stated:

> immediately preceding Pruitt's signature is a paragraph in bold type stating that Pruitt read and understood the terms of the rules and regulations prior to signing. At that point, Pruitt was free to walk away from the contract if he did not like the terms proposed by Strong Style. *See Wallace v. Ganley Auto Group*, 8th Dist. Cuyahoga No. 95081, 2011-Ohio-2909[.]

*Id.* at ¶ 18. *Accord Taylor Bldg. Corps. of Am.* at ¶ 47. *Accord Butcher*, 8th Dist. Cuyahoga No. 81593, 2003-Ohio-1734, at ¶ 35.

**{¶41}** In accordance with all of the foregoing, the assigned error is without merit.

**{¶42}** Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed. The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure

PATRICIA ANN BLACKMON, JUDGE

TIM McCORMACK, P.J., and
MELODY J. STEWART, J., CONCUR