[Cite as *Booker v. Beauty Express Salons, Inc.*, 2018-Ohio-581.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105456**

---

## SHERITA BOOKER

PLAINTIFF-APPELLANT

vs.

## BEAUTY EXPRESS SALONS, INC., ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-867751

**BEFORE:** Jones, J., Keough, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** February 15, 2018

**ATTORNEYS FOR APPELLANT**

Lewis A. Zipkin
Andrea J. Latessa
In Son J. Loving
Zipkin Whiting Co., L.P.A.
3637 South Green Road
Beachwood, Ohio 44122


**ATTORNEYS FOR APPELLEES**

James H. Grove
R. Christopher Yingling
Nicola Gudbranson & Cooper
Republic Building, Suite 1400
25 West Prospect Avenue
Cleveland, Ohio 44115

Amy Berman Hamilton
3300 BP America Building
200 Public Square
Cleveland, Ohio 44114

LARRY A. JONES, SR., J.:

**{¶1}** In this appeal, plaintiff-appellant Sherita Booker ("Booker") challenges the trial court's January 13, 2017 judgment that granted the motion to stay the case pending arbitration that was filed by defendants-appellees Beauty Express Salons, Inc. and Leslie Pope ("Pope"). For the reasons that follow, we reverse and remand for further proceedings.

**Procedural Background**

**{¶2}** Booker, an African-American, filed this action in 2016, after her June 2015 termination as a hair stylist for Beauty Express Salons ("Beauty Express"). At all relevant times, Pope was the store manager at the salon; she supervised Booker and terminated her employment.

**{¶3}** Booker's complaint set forth claims for relief based on the following: (1) race discrimination-disparate treatment; (2) race discrimination-hostile work environment; (3) retaliation; (4) negligent retention and supervision; and (5) intentional infliction of emotional distress.

**{¶4}** Beauty Express filed a motion to dismiss, or in the alternative to stay pending arbitration. Attached to its motion was an arbitration agreement purportedly signed by Booker. Booker opposed the motion, contending that she had "no specific or recollection of the existence of the arbitration agreement, let alone reviewing or signing" it, and contended that the trial court had venue and subject-matter jurisdiction over her claims. According to Booker, "arbitration is not appropriate."

{¶5} Booker contended that Beauty Express failed to authenticate the purported agreement it attached to its motion, as required by Evid.R. 901(A). She further contended that, even if the agreement were authenticated, her intentional infliction of emotional distress claim did not fall within the scope of the agreement and, therefore, the trial court had jurisdiction over that claim.

{¶6} Additionally, Booker claimed that the arbitration agreement was both substantively and procedurally unconscionable. She also contended that because Pope did not sign the agreement, her claims against Pope were not subject to the agreement.

{¶7} In response to Booker's claim about the authenticity of the agreement it submitted, Beauty Express filed an affidavit of Joni Jacobson ("Jacobson"), the senior vice president for human resources for Beauty Express. Jacobson averred that every new employee is required to fill out certain documents, including an "employment agreement" and an "arbitration agreement."

{¶8} According to Jacobson, "[e]xecution of the employment agreement and the arbitration agreement by every applicant is a condition of employment. Those who do not complete the agreements cannot be hired." Jacobson also averred that the arbitration agreement Booker signed had been maintained in her personnel file, as was the company's customary business practice, and that the signature on the agreement "matches the signature on her other forms." Booker sought to strike Jacobson's affidavit.

{¶9} Defendant Pope also filed a motion to dismiss, or alternatively to stay pending arbitration, and "joined in" the arguments advanced by Beauty Express.

{¶10} The trial court denied Booker's request to strike Jacobson's affidavit, and set a hearing on the defendants' motions; the hearing was to be limited to the issue of whether there was a "valid and enforceable arbitration agreement between the parties."

{¶11} Prior to the date scheduled for the hearing, however, the defendants filed a motion to cancel the hearing on the ground that the need for it was moot. Specifically, in an email from Booker's counsel to defense counsel, Booker's counsel stated, "[w]e have confirmed with Mrs. Booker that a handwriting expert will not be necessary at the hearing. Mrs. Booker does not contest that the signature [on the arbitration agreement] appears to be hers * * *." Booker's counsel stated that Booker wished to challenge "(1) the quality of the arbitration agreement, (2) the circumstances surrounding execution of the arbitration agreement, and (3) the provisions of the arbitration agreement."

{¶12} Booker opposed cancellation of the hearing, contending that the trial court had set the hearing to determine whether there was a "valid and enforceable" arbitration agreement between the parties. Booker contended that although the "mere existence of an arbitration agreement is not at question, * * * the validilty and enforceability of said agreement, i.e., whether or not the agreement is unconscionable, is at issue."

{¶13} Booker also filed her own affidavit, wherein she averred to the circumstances surrounding her signing the arbitration agreement. Her averments included that (1) she was instructed by Pope, without explanation, to fill out the "hiring papers" as Pope "impatiently stood over [her] shoulder," (2) she was dismissed by Pope when she asked questions about the documents, (3) she was not aware that she was signing an arbitration

agreement and that had she known, she would not have signed it, and (4) the quality of some of the documents she signed was "poor and illegible, making reading them nearly impossible."

**{¶14}** In January 2017, the trial court issued the judgment that is the subject of this appeal. In the judgment, the court stated that it had confirmed with Booker's counsel that Booker signed the arbitration agreement. The court cancelled the previously scheduled evidentiary hearing, because it found that the "reason for the hearing (the existence of the arbitration agreement) is moot." The court further stated that it had "no jurisdiction to question the validity and conscionability of an arbitration agreement. The only issue is whether the parties had such an agreement. Once the parties agree on its existence, there's no reason for the hearing." Thus, the trial court granted the defendants' request to stay the case pending arbitration. Booker now appeals, and presents the following two assignments of error for our review:

> I. The trial court erred in finding that it lacked jurisdiction to question the validity and conscionability of the alleged arbitration agreement.

> II. The trial court erred in staying the case pending arbitration.

**Law and Analysis**

**{¶15}** In her first assignment of error, Booker contends that the trial court erroneously believed that it was without jurisdiction to determine the validity and conscionability of arbitration agreements. We agree with Booker that the trial court did have jurisdiction to determine the validity and conscionability of the arbitration agreement, and reverse the trial court's judgment on that ground.

{¶16} This court recently considered a case wherein an employee sued his former employer for breach of contract and unjust enrichment. *Robinson v. Mayfield Auto Group, L.L.C.*, 8th Dist. Cuyahoga No. 105844, 2017-Ohio-8739. The employer contended that the employee was subject to mandatory arbitration under an agreement the employee signed, and filed a motion to stay the proceedings pending arbitration. In opposition to the motion, the employee acknowledged that he had signed the arbitration agreement, but contended that it was not supported by consideration, and that it was unenforceable because it lacked mutuality and was unconscionable. The trial court granted the employer's motion, and the employee appealed.

{¶17} This court stated that, because arbitration is a matter of contract,[1] "prior to making any determination regarding the arbitrability of any issue, a court must first determine whether the arbitration agreement is enforceable under basic contract precepts." *Robinson* at ¶ 12, citing *Skerlec v. Ganley Chevrolet, Inc.*, 8th Dist. Cuyahoga No. 98247, 2012-Ohio-5748, citing *Council of Smaller Ents. v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 665, 687 N.E.2d 1352 (1998).

{¶18} Here, Booker ultimately conceded that she had signed the arbitration agreement, but contended that it was not valid or conscionable. The trial court did have jurisdiction to consider the validity and conscionability of the agreement, and erred by not doing so prior to staying the proceedings.

---

[1]*Robinson* at ¶ 12, citing *Devito v. Autos Direct Online, Inc.*, 2015-Ohio-3336, 37 N.E.3d 194, ¶ 12 (8th Dist.), citing *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

{¶19} Although Beauty Express maintains that the trial court properly stayed the proceedings, it contends that if we find that the trial court did have jurisdiction to determine the validity and conscionability of the agreement, the appropriate remedy for us would be to remand the case for further proceedings. We agree; because the trial court never passed judgment on those issues, it would not be proper for them to be determined in the first instance on appeal.

{¶20} In light of the above, the first assignment of error is sustained, and the second assignment of error is overruled as premature.

{¶21} Judgment reversed; case remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, SR., JUDGE

KATHLEEN ANN KEOUGH, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR